IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LUCAS ROUGEAU, *et al.*,

Plaintiffs,

v.

PRELMINARY PRETRIAL CONFERENCE ORDER

23-cv-546-wmc

AHLSTROM RHINELANDER, LLC, *et al.*,

Defendants.

---

This court held a telephonic preliminary pretrial conference on June 11, 2024. All parties were represented by counsel. As discussed on the call, the court largely adopted the parties' proposed partial schedule for this case. The court is including a subset of the parties' proposed deadlines in this order and otherwise expects the parties to honor the agreements that they proposed in their joint report. Except for the deadlines below, the parties may move their agreed-upon deadlines by new agreement without leave of court.

**<u>Case Schedule</u>**

The court set the following partial schedule for this case:

1. **Disclosure of class experts:** **Plaintiffs: March 17, 2025**

   **Defendants: May 22, 2025**

   **Rebuttal: June 27, 2025**

All disclosures mandated by this paragraph must comply with the requirements of Rule 26(a)(2). Supplementation pursuant to Rule 26(e) is limited to matters raised in an expert's first report, must be in writing and must be served not later than five calendar days before the expert's deposition, or before the general discovery cutoff if no one deposes the

expert. Any employee of a party who will be offering expert opinions during any phase of this case must comply with the requirements of Rule 26(a)(2)(B).

Failure to comply with these deadlines and procedures could result in the court striking the testimony of a party's experts pursuant to Rule 37. The parties may agree between themselves to modify these deadlines and procedures.

2. **Motion & Brief to Certify Class**: **September 19, 2025.**

Briefing will proceed on a 30/15-day response/reply cycle. Note that the court is not ordering a separate briefing schedule for *Daubert* motions, as proposed by the parties. The parties should file any motion challenging expert testimony on class certification contemporaneously with their briefs on class certification, and the court will then set separate briefing schedules for those motions.

3. **Update on the schedule: TBD.**

As proposed in the parties' joint report: "Within 30 days of the ruling on Plaintiffs' Motion for Class Certification, the Parties [sha]ll confer and submit to the Court a proposal to address subsequent deadlines, including a proposed schedule for the completion of merits discovery, expert deadlines, dispositive motion deadlines and a pretrial conference." Dkt. 79 at 12.

4. **Deadline for filing dispositive motions**: **March 17, 2026.**

Briefing will proceed on a 30/15-day response/reply cycle. If any party files a motion for summary judgment, then all parties must follow this court's Summary Judgment Procedures, the most recent version of which is available as an attachment to this Order via hyperlink. The court will not consider any document that does not comply with its

summary judgment procedure. A party may not file more than one motion for summary judgment in this case without leave of court.

Parties are to undertake discovery in a manner that allows them to make or respond to dispositive motions within the scheduled deadlines. The fact that the general discovery deadline cutoff occurs after the deadlines for filing and briefing dispositive motions is not a ground for requesting an extension of the motion and briefing deadlines.

5. **Trial: September 28, 2026 at 9:00 a.m.**

## Case Management Issues

The court inquired about the parties' competing proposals for limiting depositions and other discovery, and received input from plaintiffs and defendants, but ultimately concluded that the issues were not ripe for court intervention at this time. The parties are encouraged to continue to work together in the coming weeks on the outstanding discovery issues, particularly as the parties work on the form of the plaintiff fact sheets and authorizations. Should the parties find they cannot reach agreement on the form and timing of discovery, they should present any disputes to the court in a joint motion with the parties' competing proposals set forth by issue.

## General Discovery Advisal

The following discovery materials *shall not* be filed with the court unless they concern a motion or other matter under consideration by the court: interrogatories; responses to interrogatories; requests for documents; responses to requests for documents; requests for admission; and responses to requests for admission.

A party need not file a deposition transcript with the court until that party is using the deposition in support of some other submission, at which time the entire deposition must be filed. All deposition transcripts must be in compressed format. The court will not accept duplicate transcripts. The parties must determine who will file each transcript.

A party may not file a motion regarding discovery until that party has made a good faith attempt to resolve the dispute. All efforts to resolve the dispute must be set forth in any subsequent discovery motion filed with this court. By this order, the court requires all parties to a discovery dispute to attempt to resolve it quickly and in good faith. Failure to do so could result in cost shifting and sanctions under Rule 37.

This court also expects the parties to file discovery motions promptly if self-help fails. Parties who fail to do so may not seek to change the schedule on the ground that discovery proceeded too slowly to meet the deadlines set in this order.

All discovery-related motions must be accompanied by a supporting brief, affidavit, or other document showing a *prima facie* entitlement to the relief requested. Replies may not be filed unless requested by the court.

All parties that are required to file a disclosure of corporate affiliations and financial interest form have a continuing obligation throughout this case promptly to amend that form to reflect any changes in the answers.

**Reporting Obligation of Corporate Parties**

All parties that are required to file a disclosure of corporate affiliations and financial interest form have a continuing obligation throughout this case promptly to amend that form to reflect any changes in the answers.

Entered this 12th day of June, 2024.

BY THE COURT:

/s/

ANITA MARIE BOOR
Magistrate Judge