**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| LUCAS ROUGEAU, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>3M COMPANY, *et al.*,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 3:23-CV-546-wmc |

**STIPULATED JOINT MOTION**
**FOR PROTECTIVE ORDER**

WHEREAS, Plaintiffs Lucas and Alisha Rougeau; Carrie and Kerry Brenton; Timothy and Melissa Gerdmann; David and Robin Gorman; David and Kathi Grandt; Justin and Erin Hetzel; Philip and Minnie Rae Iannarelli; Greg and Sylvia Canner; Don and Sarah Endres; Jason DeBay; Sharon and Martin Lombardi, individually and on behalf of Martin A. Lombardi and Sharon M. Lombardi Revocable Trust; Diane Pilat; Edward and Nancy Szymanski; Denise and Robert Terbeest; David and Rebecca Martin; Steven Wakely; MP Snowden LLC; Patti and Michael Crump; Nicole and John Paulson; Heidi and Marc Stolt; Michael and Elizabeth Machurick; Lucinda Marquardt; James and Tammie Szymanski; Kyle Ladean; and Cindy Deere (collectively "Plaintiffs") and Defendants 3M Company, Ahlstrom Rhinelander LLC, Ahlstrom NA Specialty Solutions LLC, Ahlstrom NA Specialty Solutions Holdings Inc., Wausau Paper Corp., Wausau Paper Mills, LLC, and John Doe Defendants 1-49 (collectively, "Parties"), move the Court for a

Protective Order, pursuant to Fed. R. Civ. P. 26(c), to enable the flow of discovery material and adequately protect material that is entitled to be kept confidential.

WHEREAS, the Parties anticipate producing Material (as defined in paragraph 2.b below) to each other that contains confidential, proprietary, or sensitive information. The Parties are willing to provide this Material to each other for inspection and review under this Protective Order containing the hereinafter stated terms and conditions. By entering this Protective Order, the Court is not ordering that any confidential and/or proprietary information that is sought by any Party in their requests for production and inspection is, or is not, subject to the disclosure and discovery process.

NOW THEREFORE, the Parties jointly stipulate that the Court enter a Protective Order in the following form:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| LUCAS ROUGEAU, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 3M COMPANY, *et al.*, | ) | Case No.: 3:23-CV-546-wmc |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**PROTECTIVE ORDER**

To enable the flow of discovery material and adequately protect material that is entitled to be kept confidential, and to promote compliance with the Local Rules of the United States District

Court for the Western District of Wisconsin, the parties (the "Parties," and each individually a "Party") jointly submit this Protective Order pursuant to Fed. R. Civ. P. 26(c) and the Local Rules of the Western District of Wisconsin.

**Purposes and Limitations.** The Parties anticipate producing Material (as defined in paragraph 2.b below) to each other that contains confidential, proprietary, or sensitive information. The Parties are willing to provide this Material to each other for inspection and review under this Protective Order containing the hereinafter stated terms and conditions. By entering this Protective Order, the Court is not ordering that any confidential and/or proprietary information that is sought by any Party in their requests for production and inspection is, or is not, subject to the disclosure and discovery process.

It is hereby ORDERED as follows:

1. **Scope.** This Protective Order shall apply to Materials exchanged by the Parties to this Action or by third parties in discovery in this matter as further set forth below. Nothing in this Protective Order creates a presumption or implies that Material designated by a Party pursuant to this Protective Order actually constitutes protected information under applicable law, and such determination may be made at a later time by this Court.

2. **Definitions.** As used in this Protective Order, the terms below have the following meanings. If not expressly defined herein, all terms used in this Protocol shall be defined as they are in *The Sedona Conference Glossary: eDiscovery and Digital Information Management, Fifth Edition (2020).*

a. **"Action"** refers to this litigation captioned *Rougeau, et al. v. 3M Company, et al.* Case No. 3:23-CV-546, and any appeal.

b. **"Material"** or **"Materials"** refers to Documents, Information, or any other tangible material or thing produced in the Action, including all materials within the scope of Fed. R. Civ. P. 26(b)(1), and all exhibits, evidence, or testimony used or given at trial, in depositions, or in other proceedings in the Action and any other means of presenting, producing, or revealing information.

c. **"Documents"** includes all materials within the scope of Rules 26(a), 26(e), and 34(a) of the Federal Rules of Civil Procedure, and all exhibits used at any deposition, hearing, trial, or proceeding.

d. **"Information"** includes all materials within the scope of Documents, exhibits, evidence or things used at trial, depositions, or other proceedings; as well as any testimony, whether given at trial or at a deposition; and any other means of presenting, producing, or revealing information.

e. **"Producing Party"** or **"Designating Party"** is the Party or non-party producing Material and/or designating Material as Confidential, Highly Confidential, or Export Control Information.

f. **"Receiving Party"** is a Party or non-party receiving or having access to Material.

g. **"Challenging Party"** is the Party that challenges a particular designation of Material as Confidential, Highly Confidential, or Export Control Information pursuant to paragraph 11 of this Protective Order.

h. **"Competitor"** means (i) any manufacturer (including its affiliates) involved in the manufacture or sale of any per- or polyfluoroalkyl substances ("PFAS") or product that has a PFAS constituent, as that term PFAS is used in the Complaint in this Action, and (ii) any manufacturer or processor of paper.

i. **"Confidential Information"** means Material designated as Confidential in accordance with this Protective Order unless (a) the Designating Party withdraws the confidential designation, or (b) the Court has determined that the Material does not constitute Confidential Material. A Party may only designate Material as Confidential if it has a good-faith basis to believe that the Material is, constitutes, or contains Information that is confidential under statute, rule, or other applicable law, including Material that is confidential, proprietary, or commercially sensitive business or financial information, trade secrets, information that is not publicly available, Confidential Health Information, Protected Health Information, Personally Identifiable Information or that otherwise meets the standard for protection set forth in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Notwithstanding the foregoing, a Producing Party may not designate as Confidential any Materials that have been made publicly available, including through unsealed court filings, public EPA dockets, and/or other similar means by which information was placed in the public domain, except where the Material was made public in violation of this Protective Order. The Parties agree that confidentiality designations will be made in good faith pursuant to the terms of this protective order and the parties shall not unreasonably designate based on batch reviews or technology assisted reviews.

j. **"Highly Confidential Information"** means Material designated as Highly Confidential in accordance with this Protective Order unless (a) the Designating Party withdraws the Highly Confidential designation, or (b) the Court has determined that the Material does not constitute Highly Confidential Material. A

Party may only designate Material as Highly Confidential if it has a good-faith basis to believe that (a) the Material is, constitutes, or contains Information that is confidential under statute, rule, or other applicable law, including Documents, Information, or other tangible things that are confidential, proprietary, or commercially sensitive business or financial information, trade secrets, Confidential Health Information, Protected Health Information, Personally Identifiable Information or information that otherwise meets the standard for protection set forth in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; and (b) (i) the Material could provide its Competitor(s) with an advantage, including, for example, an economic advantage, or (ii) the Material, if released would cause harm to the interests of a governmental entity. If Materials are not designated as "Highly Confidential," then they may be shown to a Competitor(s) subject to the other requirements of this Protective Order. Further, Materials designated as "Highly Confidential" pursuant to section (b)(i) of this paragraph are not permitted to be shown to a Competitor(s).

k. **"Export Control Information"** means Material designated as Export Control in accordance with this Protective Order unless (a) the Designating Party withdraws the export control designation, or (b) the Court has determined that the Material does not constitute Export Control Material. A Party may only designate Material as "Export Control Information" if it has a good-faith basis to believe that the Material is subject to United States' export control law and regulations. The regulatory obligations with regard to such Materials are specified, respectively, in the Export Administration Regulations ("EAR") at 15 C.F.R. Parts 730-772, and

the International Traffic in Arms Regulations ("ITAR") at 22 C.F.R. Parts 120-130. Except as to Materials that have already been produced in other litigation and are being re-produced in this litigation, when a Producing Party produces Material that it believes to be subject to an Expert Control designation, the Producing Party will likewise simultaneously provide a description log to the Receiving Party that provides the basis(es) upon which the Material is subject to a claim of ITAR and/or EAR and which precisely identifies the Bates number or range that applies to the Material.

l. **"Confidential Health Information"** means any patient health information protected by any state or federal law, including, but not limited to patient/insured/member medical records, patient/insured/member claims information, and other information that the Producing Party reasonably believes might contain sensitive personal health information. The Parties agree that any Confidential Health Information whether contained in Materials produced in the Action or otherwise shall be deemed "Confidential" and, as such, subject to the terms of this Protective Order. "Confidential Health Information" does not include any Material in which the Producing Party has redacted the identifiers listed below in paragraph 2.m and does not have actual knowledge that the information could be used alone or in combination with other information to identify an individual who is the subject of the information. A Producing Party may, but is not required to, perform such redactions before producing Material that originally contained "Confidential Health Information."

m. **"Protected Health Information"** shall be defined as set forth in 45 C.F.R. §160.103, including but not limited to: health information, including demographic information, relating to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual; medical bills; claims forms; charges sheets; medical records; medical charts; test results; notes; dictation; invoices; itemized billing statements; remittance advice forms; explanation of benefits; checks; notices; and requests; and includes all notes, summaries, compilations, extracts, abstracts or oral communications that are based on or derived from Protected Health Information, regardless of form or format, to the extent that they identify or reasonably could be expected to identify an individual. Protected Health Information also includes information that contains the following identifiers of a patient/insured/member or of a relative, employer, or household member of a patient/insured/member:

- Names;
- All geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;
- All elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, and age to a level of detail greater than in years;
- Telephone numbers;
- Fax numbers;
- Electronic mail addresses;
- Social security numbers;

- Medical record numbers;
- Health plan beneficiary numbers;
- Account numbers;
- Certificate/license numbers;
- Vehicle identifiers and serial numbers, including license plate numbers;
- Device identifiers and serial numbers;
- Web universal resource locators ("URLs");
- Internet protocol ("IP") address numbers;
- Biometric identifiers, including finger and voice prints;
- Full face photographic images and any comparable images;
- Any other unique identifying number, characteristic, or code;
- Any other information that the Producing Party knows could be used alone or in combination with other Protected Health Information to identify an individual who is the subject of the information; and
- Family health or social information.

n. **"Personally Identifiable Information"** shall include the following types of information:

- Social security numbers;
- Account numbers;
- Certificate/license numbers;
- Vehicle identifiers and serial numbers, including license plate numbers;
- Device identifiers and serial numbers;
- Medical record numbers;
- Health plan beneficiary numbers;
- Internet protocol ("IP") address numbers;

- Biometric identifiers, including finger and voice prints;
- Full face photographic images and any comparable images; and
- Any other unique identifying number, characteristic, or code.

The Parties agree that any Confidential Health Information, Protected Health Information, and Personally Identifiable Information whether contained in Materials produced in this litigation or otherwise shall be deemed "Confidential" and, as such, subject to the terms of this Protective Order. Employee medical files shall be deemed "Highly Confidential" and, as such, subject to the terms of this Protective Order.

The Parties also seek to ensure that any person who receives and stores Confidential Health Information, Protected Health Information, and Personally Identifiable Information in connection with this Action will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Health Information, Protected Health Information, and Personally Identifiable Information, and to prevent unpermitted use or disclosure of any Confidential Health Information, Protected Health Information, and Personally Identifiable Information they may receive from any person in connection with this Action.

o. **"Designated Material"** shall mean any Material designated as Confidential Information, Highly Confidential Information, Export Control, Confidential Health Information, Personal Health Information, and/or Personally Identifiable Information under the terms of the Protective Order.

3. **<u>Access to Confidential Information</u>**. All "Confidential Information" produced in discovery, if any, shall not be further disclosed, disseminated, or used for any purpose other than in connection with the preparation for trial and litigation of this Action or the pursuit of insurance

coverage for this Action, consistent with the restrictions on use of "Confidential Information" contained in this Protective Order. Access to any Confidential Information shall be limited to:

a. Judges, court reporters, court personnel, videographers, mediators, and special masters during trial, hearings, arguments, depositions, and any other judicial proceedings in or in connection with this Action.

b. The Parties and counsel of record for the Parties in this Action, including the outside and in-house counsel of the Parties, and the attorneys, secretaries, paralegals, assistants, and other employees in the same firm/company of such counsel, including those who have responsibility for pursuing insurance coverage in this Action, in all cases only to the extent reasonably necessary to render professional services in connection with this Action. No Confidential Information may be disclosed to any class member other than the named Plaintiffs.

c. Messenger, copy, and other clerical services vendors not employed by a Party or its counsel of record, only to the extent reasonably necessary to assist the Parties and counsel of record for the Parties in rendering professional services in this Action.

d. Insurers, reinsurers, reinsurance intermediaries, retrocessionaires, lenders, parent companies, member companies, and third-party agents and counsel for such entities, auditors, accountants, and regulators.

e. Consultants, investigators, and experts retained or consulted by a Party or counsel for a Party to assist in pursuing insurance coverage for this Action.

f. Subject to paragraph 6 below, witnesses during depositions, hearings, and trial testimony in this Action, either during deposition or trial testimony or to the extent

reasonably necessary to prepare such persons to testify, and counsel for such persons to the extent not included in paragraph 3(b).

g. Subject to paragraph 6 below, consultants or experts retained for the purpose of assisting counsel of record in this Action, including consulting and testifying experts, jury/trial consultants, and mock jurors or focus group members.

h. Subject to paragraph 6 below, third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving Material or maintaining database programs for handling Material for this Action.

i. Other persons who may be designated by written consent of the Producing Party or pursuant to Court order so long as said persons agree to be bound as set forth in this Protective Order, including paragraph 6 herein.

4. **Access to Highly Confidential Information**. All "Highly Confidential Information" produced in discovery, if any, shall not be further disclosed, disseminated, or used for any purpose other than in connection with the preparation for trial and litigation of this Action, consistent with the restrictions on use of "Highly Confidential Information" contained in this Protective Order. Access to any Highly Confidential Information shall be limited to:

a. Judges, court reporters, court personnel, videographers, mediators, and special masters in connection with trial, hearings, arguments, depositions, and any other judicial proceedings in this Action.

b. The named Plaintiffs who are not current employees or consultants of any Competitor, counsel of record for the Parties in this Action, including the outside counsel of the Parties and the attorneys, secretaries, paralegals, assistants, and other employees in the same firm/company of such counsel, and the in-house counsel of the Parties

who do not directly advise on business issues and the secretaries, paralegals, assistants, and other employees of such counsel, in all cases only to the extent reasonably necessary to render professional services in this Action.

c. Subject to paragraph 6 below, personnel of a Party necessary to assist with the litigation who agree to not disclose any information to other personnel and to use the information disclosed solely for the purpose of assisting with the litigation may have access to "Highly Confidential Information" dated prior to January 1, 2006, to the extent necessary to assist with the litigation.

d. Messenger, copy, and other clerical services vendors not employed by a Party or its counsel of record, only to the extent reasonably necessary to assist the Parties and counsel of record for the Parties in rendering professional services in this Action.

e. Subject to paragraph 6 below, witnesses during depositions and trial testimony in this Action.

f. Subject to paragraph 6 below, persons noticed for depositions or designated as trial witnesses in this Action to the extent reasonably necessary to prepare such persons to testify.

g. Subject to paragraph 6 below, consultants or experts retained for the purpose of assisting counsel of record in this Action, including consulting and testifying experts, jury/trial consultants, and mock jurors or focus group members.

h. Subject to paragraph 6 below, third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving Materials or designating database programs for handling Materials for this Action.

i. Other persons who may be designated by written consent of the Producing Party or pursuant to Court order so long as said persons agree to be bound as set forth in this Protective Order, including paragraph 6 herein.

5. **Access to Export Control Information**. All "Export Control Information" produced in discovery shall not be further disclosed, disseminated, or used for any purpose other than in connection with the preparation for trial and litigation of this Action, consistent with the restrictions on use of "Export Control Information" contained in this Protective Order and under applicable United States law. Export Control Information shall not be disclosed to any individual who is not a U.S. Person (as defined by 31 C.F.R. § 560.314) or stored on cloud servers or any media physically located outside of the United States. By entering into this Protective Order, the Parties and their counsel hereby give their assurances that they will implement practices and controls to ensure that access to Export Control Information is restricted to "U.S. Persons" in compliance with the International Traffic in Arms Regulations and Export Administration Regulations.

6. **Signing Exhibit A**. Before disclosing Confidential or Highly Confidential Information to any person listed in paragraphs 3(e)-(i) or paragraphs 4(c), (e)-(i), the Party proposing such disclosure must provide a copy of this Protective Order to such person, who must sign the attached Exhibit A. That Party must retain a signed copy on file for inspection by the Court. If the person to whom disclosure is contemplated refuses to sign Exhibit A and is a witness being deposed or compelled to testify pursuant to a subpoena, notice, or other order of this Court, then the Parties will work cooperatively to seek a ruling on the issue by the Court prior to the person's scheduled testimony. While awaiting a ruling on the issue by the Court, no one may disclose Confidential Information or Highly Confidential Information to the person at issue.

7. **Filing Confidential Information or Export Control Information or Highly Confidential Information with the Court**. Pursuant to this Protective order and Administrative Order #337, the Parties may seek to restrict public access to Confidential Information, Export Control Information, and Highly Confidential Information contained in Materials filed with the Court. Any request to restrict access must comply with the requirements of the Administrative Order #337. If the filing Party is not the party who designated the Material as Confidential Information, Export Control Information, or Highly Confidential Information, the non-filing Party must promptly file a response to any Motion to Seal or join in the Motion to Seal. Should a Party wish to use Material designated as Confidential Information, Highly Confidential Information, or Export Control Information in any document filed with the Court, the party may request de-designation of such Materials or redaction from the Designating Party. Notwithstanding anything else in this order, nothing herein alters the controlling standards for filing under seal Confidential, Highly Confidential, or Export Control Information. Nor does this order alter the scope or applicability of Administrative Order No. 337 (General Rules for Filing Documents Under Seal). The parties agree to confer in good faith in advance of any such filing to determine whether and to what extent material should be filed under seal, including whether designations and redactions can be altered to accommodate the parties' needs. Requests for de-designation shall be reviewed in good faith and treated in accordance with the definitions for Confidential, Highly Confidential, and Export Control Information as set forth in this Protective Order.

8. **Designating Information as Confidential, Highly Confidential, or Export Control Information**. The Parties may only designate Materials Confidential, Highly Confidential and/or Export Control if they have a good-faith basis to believe that the Materials are

Confidential, Highly Confidential, and/or Export Control Information, as the case may be, under statute, rule, or other applicable law and subject to paragraph 2 above.

With respect to Materials that are produced in TIFF format, the designation of confidentiality shall be made by including the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" and/or "EXPORT CONTROL – SUBJECT TO PROTECTIVE ORDER" in the Materials in a manner reasonably calculated to be observed by anyone who obtains possession of the Materials. The addition of any designation pursuant to this Protective Order shall not be deemed an alteration of the Materials. With respect to Materials that are produced in native format, the designation of confidentiality shall be made by including the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and/or "EXPORT CONTROL – SUBJECT TO PROTECTIVE ORDER" on a cover sheet produced in TIFF format along with the native file and may include, at the Producing Party's discretion, the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and/or "EXPORT CONTROL" in the file name of the native file as produced. If a Party adds a designation to the file name for Material produced in native format pursuant to the Stipulated Joint Protocol Governing Discovery of Documents and Electronically Stored Information entered in this Action, then such additions will not be considered an alteration of the file.

9. **Re-Production of Materials from Other Litigation(s)**. To the extent that any Party re-produces Materials from other litigation(s), all such Material clearly marked as being "Confidential" and subject to a protective order in such litigation will be deemed designated as "Confidential" in this Action (subject to challenge in this Action as provided below in Paragraph 11); all such Material clearly marked "Export Control Information" will be deemed designated as

"Export Control" in this Action (subject to challenge in this Action as provided below in Paragraph 11); and all such Material clearly marked "Highly Confidential" will be deemed designated as "Highly Confidential" in this Action (subject to challenge in this Action as provided below in Paragraph 11). For the avoidance of doubt, for purposes of reproductions, the Parties agree that the provisions of the respective protective orders entered in other litigations shall remain in full force and effect and shall in no way be superseded or nullified by the entry of this Protective Order, except that no person shall assert or argue that production or use of such reproduced Materials in this Action is a violation of any such prior protective orders.

Notwithstanding the foregoing provisions, for Materials re-produced in this Action from other litigation, a Producing Party is not precluded from newly designating re-produced Material or amending a designation of re-produced Material in a reasonable and particularized manner upon a Producing Party's discovery of need for such amendment(s).

10. **Designating Deposition Transcripts as Confidential, Highly Confidential, or Export Control**. Depositions or portions of depositions taken in this Action and any Materials used at those depositions may be designated as "Confidential" or "Highly Confidential" and/or "Export Control Information" pursuant to the terms of this Protective Order. A Party may designate deposition exhibits or transcripts as Confidential, Highly Confidential, and/or Export Control Information, on the record at the time the testimony or exhibit is offered, at which time such testimony or exhibit shall be marked "Confidential," "Highly Confidential" and/or "Export Control Information" by the court reporter and shall be subject to the full protection of this Protective Order. If on the record designation occurs, the Designating Party must memorialize such on the record designation by the page-and-line process that follows. If assertions of designations are reserved or otherwise not made at the deposition, to designate deposition exhibits

or transcripts as Confidential or Highly Confidential and/or Export Control Information, a Party must make a "line and page" designation by written notice to the other parties within 30 calendar days of receipt of the transcript of the deposition from the court reporter. Unless otherwise agreed, depositions and Materials, or exhibits used at those depositions shall be treated as "Highly Confidential" during the 30-calendar-day period following receipt of the transcript from the court reporter, after which time, the failure of a Party to make the above-required designation in writing within 30 (thirty) days of its receipt of the deposition transcript (or such additional time to which the parties may agree) shall result in waiver of any claim of the transcript and exhibits being deemed either "Confidential," "Highly Confidential," or "Export Control Information," subject to paragraph 11 below.

11. **Contesting Designation of Documents**. If any Party believes that any Material produced or reproduced in this litigation pursuant to Paragraph 9 that is designated Confidential, Highly Confidential and/or Export Control Information does not constitute Confidential, Highly Confidential and/or Export Control Information, then that Challenging Party may challenge that designation by promptly notifying the Designating Party in writing, identifying the Material contested, and challenging the designation. The Parties shall promptly confer in good faith and use their best efforts to resolve any challenge to a designation. If the Parties are unable to resolve the dispute promptly following notice to the Designating Party of such challenge, or the Designating Party does not respond promptly to such notice, then the Challenging Party may request resolution of the dispute by the Court. The Designating Party shall have the burden of showing that the Materials are Confidential or Highly Confidential, or Export Control Information. Pending resolution of the Parties' dispute over a designation, the Material in question shall be treated as originally designated by the Producing Party. The Parties acknowledge that nothing in this Order

shall alter the applicable legal standard or test for public access to judicial records and papers, and the Parties reserve their respective rights to advance their views of that law should any such issue ripen during the course of these proceedings.

12. **Failure to Designate Materials**. Subject to and without in any way changing the restrictions and limitations set forth in Paragraph 8 above, any Party who fails to identify Material as Confidential or Highly Confidential and/or Export Control Information shall promptly correct the designation, if such designation is permitted under Paragraph 8 above. Such correction shall be made by providing written notice of the amended designation and substituted copies of the previously produced Material with the appropriate confidentiality and/or Export Control Information designation. Any party receiving such previously unmarked Material shall make reasonable efforts to retrieve the original versions of such Material from any person to whom they were provided that would not be entitled to receive the Material under this Protective Order; provided, however, that any party who had received such previously unmarked Material shall have no liability for having received or shared any such Material contained within such Material prior to receipt of their proper designation as Confidential, Highly Confidential, or Export Control Information as provided herein, and subject to the Receiving Party's right to challenge any such Confidential, Highly Confidential or Export Control Information designation under the terms of this Protective Order. Such disclosure will not on its own be deemed a waiver in whole or in part of the Producing Party's claim of Confidential, Highly Confidential, or Export Control status, either as to specific Material disclosed or on the same or related subject matter. Within a reasonable time of receipt of such notice, the Receiving Parties will mark the Material and all copies "Confidential" or "Highly Confidential" and/or "Export Control," as the case may be, and treat the Material as Confidential Information or Highly Confidential Information and/or Export Control

Information, as the case may be, under the terms of this Protective Order, and subject to the Receiving Parties' right to challenge any such designation under the terms of this Protective Order. Notice under this paragraph will be deemed to apply to all copies of the Material disclosed.

13. **No Waiver of Any Privilege Upon Production**. The parties have agreed that, in discovery in this lawsuit, they do not intend to disclose Material subject to a claim of attorney-client privilege, attorney work product protection, or any other applicable privileges or protections.

a. The production of any privileged or otherwise protected or exempted Material, as well as the production of Material without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to attorney work-product materials, or the subject matter thereof, or the confidential nature of any such Material, as to the produced Material, or any other Material.

b. The production of privileged or work-product protected Material, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Action or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

c. The Producing Party must notify the Receiving Party promptly, in writing, upon discovery that privileged or work-product protected Material has been produced. At deposition, notice may be made orally on the record and followed with a written notification promptly after the deposition. Upon receiving written notice from the

Producing Party that privileged and/or work-product protected Material has been produced, all such Material, and all copies thereof, shall be returned to the Producing Party within ten (10) calendar days of receipt of such notice and the Receiving Party shall not use such information or information derived from such information for any purpose, except as provided in Paragraph 13(d) herein, until further Order of the Court. The Receiving Party shall also attempt, in good faith, to retrieve and return or destroy all copies of the Material in hard copy or electronic format, including any Material loaded to databases, and will transmit a clawback notice to individuals or entities other than counsel to whom the instant Material(s) has been, or might have been, disclosed.

d. The Receiving Party may contest the Producing Party's privilege or work-product designation and shall give the Producing Party written notice of the reason for said disagreement. Following a Producing Party's receipt of a Receiving Party's contest of a clawback, the Producing Party shall promptly respond in writing or the parties shall otherwise meet and confer in good faith and attempt to resolve or reach mutual compromises about said disagreement. However, the Receiving Party may not challenge the privilege or protection claim by arguing that the disclosure itself is a waiver of any applicable privilege or protection.

e. Analyses, memoranda, or notes internally generated by a Receiving Party based upon such produced Material – whether in hard copy or electronic format – shall immediately be sequestered in a reasonable manner (e.g., by placing hard copy materials in a sealed envelope or by placing electronic materials on a secured environment) and shall be destroyed in the event that (a) the Receiving Party

does not contest that the Material is privileged or subject to other protections, or (b) the Court rules that the Material is privileged or subject to other protections. Such analyses, memoranda, or notes may only be removed from the sealed envelopes or sequestered electronic spaces and returned to its intended purpose in the event that (a) the Producing Party agrees in writing that the Material is not privileged or subject to other protections, or (b) the Court rules that the Material is not privileged or subject to other protections.

Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of Material (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected Material before production.

For Materials re-produced in this Action from other litigation, and subject to the foregoing provisions of Paragraph 13, a Producing Party is not precluded from asserting privilege and clawing back reproduced Material in accordance with applicable law.

14. **Legal Process for Designated Material**. Subject to paragraph 16 below, if Confidential Information, Highly Confidential Information, and/or Export Control Information of a Producing Party is sought from a Receiving Party by a discovery request, subpoena, order, Wisconsin Open Records Law request and/or other form of legal process from or by any person, court, or administrative or legislative body, then the party receiving the discovery request, subpoena, order, or other form of legal process must immediately notify the Producing Party. The party receiving the request must not, except to the extent required by applicable law, provide or otherwise disclose such Material until 30 calendar days after giving counsel for the Producing Party notice in writing, accompanied by a copy of the discovery request, subpoena, order or other form of legal process. In the event the Producing Party objects to disclosure, the party to whom

the discovery request, subpoena, order, or other form of legal process is directed agrees not to make any disclosure in response to it until the resolution of the objection by the appropriate court or agency.

15. **Storage and Transmittal**. The Parties seek to ensure that any person who receives, transmits, and stores Designated Material in connection with this Action will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of Designated Material, and to prevent unpermitted use or disclosure of such Designated Material. Receiving Parties shall take reasonable precautions to prevent unauthorized or inadvertent disclosure of any Designated Material.

16. **Use of Designated Material**. Each person given access to Confidential Information, Highly Confidential Information, or Export Control Information shall treat it as appropriate under this Protective Order and shall take all actions necessary to protect the information. Confidential Information, Highly Confidential Information, and Export Control Information shall be used by a party or person receiving such Material solely for purposes of this Action, and must not be used for any business, competitive, legal, or any other purpose unrelated to this Action without the express written consent of counsel for Producing Party or by order of the Court. Nothing in this Protective Order limits any Party to this Action from disclosing or otherwise using in this Action:

a. its own Material produced or disclosed in this Action;

b. any Material produced or disclosed in this Action not subject to this Protective Order and not designated as "Confidential" or "Highly Confidential" and/or "Export Control Information"; or

c. Material that is not otherwise Confidential, Highly Confidential, or Export Control Information that a Party already possessed through proper means from other sources, including but not limited to discovery a Party obtained in similar litigation; provided, however, that this provision does not limit a Party's obligations to produce, disclose, or otherwise provide reasonable notice in this Action of such Materials it already possesses in accordance with discovery obligations of the Federal Rules of Civil Procedure and the Western District of Wisconsin Local Rules.

17. **Designated Material Produced by a Non-Party**. Any non-party who may be called upon to make discovery herein or provide deposition or other testimony pursuant to subpoena or other formal or informal discovery device is entitled to avail itself of the provisions and protections of this Protective Order. All Material designated by the non-party as Confidential Information or Highly Confidential Information and/or Export Control Information will be treated in the same manner as any Confidential Information or Highly Confidential Information and/or Export Control Information (as the case may be) produced by the Parties.

18. **Non-Termination**. The duty to treat Confidential Information, Highly Confidential Information, and Export Control Information as set forth in this Protective Order survives the completion of this Action. At the conclusion of this Action by settlement, jury verdict, judgment order, or otherwise, including any and all appeals, and the resolution of insurance claims through settlement, or the non-appealable order disposing of any action concerning the pursuit of insurance coverage for this Action, each Party upon written request must make all reasonable efforts to either return all Confidential Information, Highly Confidential Information, and Export Control Information to counsel for the Party that produced it; or must destroy it, unless otherwise agreed

among the Parties. The return or destruction of Confidential Information, Highly Confidential Information, and Export Control Information under this paragraph will include, without limitation, all copies and duplicates thereof. The Parties will certify, within 90 days of receipt of a written request for certification, or such other time frame agreed among the parties, that all Confidential Information, Highly Confidential Information, and Export Control Information required to be returned or destroyed has been so returned or destroyed, unless otherwise agreed by the Parties. Unless otherwise ordered by the Court, this Paragraph does not apply to (a) copies of pleadings or other papers that have been filed with the Court and that contain Confidential Information or Highly Confidential Information and/or Export Control Information; (b) their work product; and (c) official deposition, trial, or other Court transcripts and exhibits thereto. The terms and provisions of this Protective Order will continue to apply to any such materials retained by counsel.

19. **Non-Waiver of Objections**. Neither this Protective Order nor any of the provisions described herein is a waiver of any Party's right to object to the admissibility or discoverability of any Material on bases not addressed by this Protective Order; or to seek further protection from the Court before producing Material that any Party believes may not be adequately protected by the provisions of this Protective Order, or to seek leave to refuse production of such Material.

20. **Data Security.** Receiving Parties agree to take reasonable precautions to protect "Confidential," "Highly Confidential," and/or "Export Control Information" from loss, misuse and unauthorized access, disclosure, alteration, and destruction, including but not limited to using user-specific passwords or PIN numbers where appropriate to protect electronically stored information, and using appropriate physical security measures to safeguard hardcopy documents.

a. "Confidential," "Highly Confidential," and/or "Export Control Information" in paper format is to be maintained in a secure location with access limited to persons entitled to access "Confidential," "Highly Confidential," and/or "Export Control Information" under this Order; and

b. Summaries of "Confidential," "Highly Confidential," and/or "Export Control Information," including any lists, memorandum, indices or compilations prepared or based on an examination of "Confidential," "Highly Confidential," and/or "Export Control Information", that quote from or paraphrase "Confidential," "Highly Confidential," and/or "Export Control Information" in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying "Confidential," "Highly Confidential," and/or "Export Control Information."

21. **No Admissions or Prejudice**. Nothing in this Protective Order, or any action taken in compliance with it, shall (a) operate as an admission against interest by any Party, (b) prejudice in any way the right of any Party to seek a determination that Designated Materials should or must be disclosed, (c) prejudice in any way the right of a Party to seek a determination that any Designated Materials are required to be disclosed, or (d) prejudice in any way the right of any Receiving Party to seek a determination that Designated Materials were not properly designated. This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any confidential or Export Control Information.

22. **Enforcement**. This Order shall continue to be effective following termination of this Action, and the United States District Court of the Western District of Wisconsin shall retain jurisdiction with respect to this Protective Order after the final judgment or dismissal of this

Action. For purposes of enforcement and other matters related to this Protective Order, each person given access to Designated Materials under this Protective Order will be deemed to have agreed and will be subject to the jurisdiction of this Court for purposes of enforcement.

23. **Modification Permitted**. This Protective Order may be modified at any time by the Court on its own motion or, for good cause shown, on motion of a Party or non-party or by agreement of the Parties with the Court's approval.

24. **Persons Bound**. This Protective Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties, and Persons made subject to this Protective Order by its terms.

**SO ORDERED.**

Dated: ______________________, 2024

______________________________

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| LUCAS ROUGEAU, *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| 3M COMPANY, *et al.*, | ) | Case No.: 3:23-CV-546-wmc |
| Defendants. | ) | |

**Acknowledgment and Agreement to Be Bound by Protective Order**

________________________________ declares that:

I reside at __________________________. I am currently employed by _________, located at ___________________________, and my current job title is ________________________.

I have read and understand the terms of the Protective Order entered in this Action. I understand and agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I will not divulge any Material or copies of Confidential Information, Highly Confidential Information, or Export Control Information obtained pursuant to such Protective Order, or the contents of such Material, to any person other than those specifically authorized by the Protective Order. I will not copy or use such Material except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 90 days after final termination of this Action, I will make all reasonable efforts to return to the attorney who sent them any Materials in my possession that are

Confidential Information, Highly Confidential Information, or Export Control Information and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such Materials.

I submit myself to the jurisdiction of the above Court for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

______________________________ _________________________

Signature Date

**SO STIPULATED THROUGH COUNSEL OF RECORD.**

Dated October 16, 2024.

_*s/ Brett Land*___________________
**COSSICH, SUMICH, PARIOLA & TAYLOR, LLC**
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Telephone: (504) 394-9000
Fax: (504) 394-9110
Philip F. Cossich, Jr (LA Bar 1788)(PHV)
Andrew Cvitanovic (LA Bar 3455000(PHV)
Louise R. Caro (FL Bar 633380)(PHV)

**BARON & BUDD, P.C.**
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219-4281
Telephone: (214) 521-3605
Fax: (214) 520-1181
Scott Summy (TX Bar 19507500)(PHV)
Brett Land (TX Bar 2409264)(PHV)

Kristen E. Lonergan (WI Bar)
**CROOKS LAW FIRM S.C.**
531 Washington Street
Wausau, Wisconsin 54403
Telephone: (715) 842-2291
Fax: (715) 845-7367

***Attorneys for Plaintiffs***

_*s/ Derek J. Waterstreet*_____________
Christopher B. Essig (*pro hac vice*)
Eric White (*pro hac vice*)
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
P: (312) 558-5600

Lauren R. Goldman (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER, LLP**
200 Park Avenue
New York, NY 10166
P: (212) 351-4000

Zachary Tyree (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER, LLP**
1050 Connecticut Avenue NW
Washington, DC 20036
P: (202) 955-8500

Derek J. Waterstreet, SBN 1090730
**VON BRIESEN & ROPER, S.C.**
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
P: (414) 287-1519

***Attorneys for Defendant 3M Company***

_*s/ Elissa J. Preheim*_______________________
Michael D. Daneker (admitted *pro hac vice*)
Elissa J. Preheim (admitted *pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
Michael.Daneker@arnoldporter.com
Elissa.Preheim@arnoldporter.com

Joseph L. Olson
**MICHAEL BEST & FRIEDRICH LLP**
790 North Water Street, Suite 2500
Milwaukee, WI 53202
Telephone: (414) 271-6560
Facsimile: (414) 277-0656
jlolson@michaelbest.com

***Attorneys for Defendants Ahlstrom Rhinelander LLC, Ahlstrom NA Specialty Solutions LLC, and Ahlstrom NA Specialty Solutions Holdings Inc***

_*s/ Paul LaFata*______ ___

Paul LaFata (admitted *pro hac vice*)
**DECHERT LLP**
Three Bryant Park
New York, New York 10036
1-212-698-3539
Paul.LaFata@Dechert.com

Manda M. Sertich (MN Bar 0504328) (admitted *pro hac vice*)
Richard D. Snyder (MN Bar 0191292) (admitted *pro hac vice*)
**Fredrikson & Byron, P.A.**
60 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Phone: (608) 453-4260
msertich@fredlaw.com
rsnyder@fredlaw.com

Delanie M. Breuer (WI Bar 1085023)
**Fredrikson & Byron, P.A.**
44 East Mifflin Street, Suite 1000
Madison, WI 53703
Phone: (608) 453-4260
dbreuer@fredlaw.com

***Attorneys for Wausau Paper Corp. and Wausau Paper Mills, LLC***