IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LUCAS ROUGEAU, *et al.*,

                Plaintiffs,

v.

AHLSTROM RHINELANDER, LLC, *et al.*,

                Defendants.

OPINION and ORDER

23-cv-546-wmc

---

In this putative class action, Lucas Rougeau and forty-seven other named plaintiffs are suing defendants Ahlstrom Rhinelander, LLC, and other corporations involved in operating a paper mill for allegedly mishandling and improperly disposing of waste materials. Defendants served Rule 34 requests for production seeking documents from all named plaintiffs. Two days before responding, plaintiffs filed a second amended complaint that, for the first time, designated six proposed class representatives but still maintained all forty-eight original plaintiffs as named plaintiffs. After the second amended complaint was filed, plaintiffs responded to defendants' requests for production, objecting to the requests to the extent they were not limited to the six class representatives.

Defendants now move to compel responses from all forty-eight named plaintiffs.[1] Dkt. 102. For the reasons stated in this opinion, defendants' motion is GRANTED in large part, with some limited modifications to the requests at issue, set forth below.

---

[1] Defendants moved unopposed to file a reply brief in support of this motion. Dkt. 109. The court grants that motion in this order. The court has read and considered defendants' argument in the reply brief.

BACKGROUND

In August 2023, six plaintiffs filed this case asserting claims on behalf of a putative class of property owners in Oneida County, Wisconsin. Dkt. 1. Specifically, plaintiffs claimed that defendants, a group of corporations involved in running a papermill in Oneida County, improperly disposed of or otherwise mismanaged waste products containing per- and polyfluoroalkyl substances (PFAS). Plaintiffs claimed that, due to the spread of PFAS in their ground and surface water, they sustained damage to their property, incurred expenses obtaining uncontaminated drinking water, and lost use and enjoyment of their property. *Id.* at 3.

In February 2024, plaintiffs filed an amended complaint naming thirty-seven additional parties. Dkt. 29. In June 2024, the parties filed their joint Rule 26(f) report. Dkt. 79. In the report, the parties agreed that each may serve no more than sixty separate requests for production. *Id.* at 14. In July 2024, plaintiffs asked if defendants would "agree to limit affirmative discovery to those [named plaintiffs] designated as class representatives" if plaintiffs "submit[ted] property damage fact sheets for all plaintiffs[.]" Dkt. 104-1 at 1. Defendants rejected plaintiffs' offer. Dkt. 104-2 at 2. Later that same month, defendants served requests for production under Rule 34 that sought documents from all named plaintiffs. *See* Dkts. 104-4, 104-5.

Then, in September 2024, before responding to defendants' requests, plaintiffs filed a second amended complaint that named an additional five plaintiffs for a total of forty-eight and defined three proposed subclasses[2] of plaintiffs based on different legal claims and

---

[2] The proposed Class Definition is "all owners of real property in Oneida County generally within the map depicted below and within the red outline of the class area since September 2022 where the land application of PFAS-containing paper mill sludge has caused harm to property, including (1) properties in the contaminated area where land application of sludge

2

damages. Dkt. 89 at 28–29. The first describes property owners whose sole source of drinking water was groundwater allegedly contaminated by defendants. *Id.* The second describes members whose property was a site of defendants' papermill "sludge" application. *Id.* The third describes members whose property was located adjacent to several bodies of water that contain PFAS as a result of defendants' disposal of PFAS-containing sludge. *Id.* The complaint still indicated that plaintiffs brought the suit on behalf of themselves as well as all others similarly situated. *Id.* at 2. Finally, nine plaintiffs asserted a personal injury claim. *Id.* at 52. Apart from this claim, all other claims alleged property damage, product liability, or unjust enrichment. *Id.* at 32–52.

Two days after filing their second amended complaint, plaintiffs served their responses and objections to defendants' requests. Dkt. 104-4. Defendants objected to the requests "to the extent that" they were "not limited to . . . those Plaintiffs" selected as "class representatives," and limited their written responses to "the [six] class representatives as designated in Plaintiffs' Second Amended Complaint." *Id.* at 3. After months of attempts to resolve the disagreement on the parties' responsibility to respond to discovery requests, defendants filed this motion. Dkt 102.

---

from the Rhinelander Mill has caused contamination of groundwater and the sole source of drinking water to the property is groundwater, including but not limited to those properties where an existing private well has been found to contain PFAS; (2) properties where PFAS-containing paper mill sludge has been land applied; and (3) properties located adjacent to – or which possess riparian rights to – Snowden Lake, Moen Lake, Second Lake, Third Lake, Fourth Lake, Fifth Lake, Starks Creek, the north branch of the Pelican River, or any other surface waterbody within the geographic limitations outlined above that contains PFAS as a result of the land application of PFAS-containing paper mill sludge from the Rhinelander Mill." Dkt. 89 at 27–28.

LEGAL STANDARDS

This pre-certification discovery dispute concerns the intersection of Federal Rules of Civil Procedure 23 and 26, discussed here.

**A. Rule 23**

To successfully certify a class, plaintiffs must satisfy the four requirements of Rule 23(a), known familiarly as numerosity, commonality, typicality, and adequate representation. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). Commonality is not shown by pointing to common questions, but rather explaining how proceeding as a class would "generate common *answers* apt to drive the resolution of the litigation." *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014) (citing *Wal-Mart*, 564 U.S. at 350) (emphasis added).

**B. Rule 26**

Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." In the class-certification context, information is relevant if it provides answers to the questions common to plaintiffs' claims or if it bears on the other Rule 23(b)(3) requirements. *Drake v. Aerotek, Inc.*, No. 14-CV-216-BBC, 2014 WL 7408715, at *3 (W.D. Wis. Dec. 30, 2014).

ANALYSIS

Plaintiffs offer two levels of objections to defendants' requests for production. First, they argue that the forty-two remaining named plaintiffs are not subject to Rule 26 because plaintiffs proposed certain plaintiffs to serve as class representatives. The court finds no support for this argument and thus overrules plaintiffs' blanket objection. Second, plaintiffs

4

argue that the scope of information sought by defendants is not relevant to all plaintiffs' claims. The court agrees that some of the requests are related solely to the personal injury claims and so sustains this objection in part.

**A.  Obtaining discovery from named plaintiffs**

Plaintiffs objected to defendants' requests for production to the extent that they sought discovery from named plaintiffs other than the class representatives they selected.  Dkt. 104-4 at 3.  Citing *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 260, 264 (N.D. Ill. 1979), defendants argue that named plaintiffs "are always parties subject to discovery."  Dkt. 103 at 6.  Additionally, defendants argue that plaintiffs' sweeping objection violates their due process right to defend themselves.  *Id.* at 9.

In response, plaintiffs attempt to distinguish this case from *In re Folding Carton* by characterizing the class representatives in *In re Folding Carton* as "self-selected . . . from a pool of approximately six class representatives" where, here, plaintiffs "preemptively designated" class representatives, though they do not explain this distinction.  Dkt. 107 at 5.  Further, plaintiffs argue their objection is in-keeping with the discovery plan laid out in the parties' joint Rule 26(f) report, pursuant to which plaintiffs provided fact sheets for every individual named in the operative complaint.  *Id.* at 4.  Plaintiff concludes that these fact sheets, in addition to the documents produced by the class representatives, are sufficient to satisfy defendants' discovery needs.  *Id.*

Defendants have the better argument.  Named plaintiffs are always subject to discovery, regardless of whether putative class representatives have been identified.  *In re Folding Carton*, 83 F.R.D. at 264 (citing *Brennan v. Midwestern United Life Insurance Co.*, 450 F.2d 999, 1006

5

(7th Cir. 1971)).  Here, all forty-eight plaintiffs remain named in the operative complaint, Dkt. 89, and are pursuing claims in their individual capacities, and so are subject to discovery.

Plaintiffs' response does not persuasively refute this conclusion.  First, plaintiffs do not explain how the "self-selected" representatives of *In re Folding Carton* and the ostensibly "preemptively designated" representatives involved here are meaningfully different, and the court is not aware of any distinction.  Second, plaintiffs' reference to the Rule 26(f) report belies the fact that the parties agreed to substitute the fact sheets for Rule 26(a) initial disclosures and Rule 33 interrogatories—not Rule 34 requests for production.  Dkt. 79 at 9.  Third, although plaintiffs are correct that courts *may* alter pre-certification discovery plans to streamline the process, the court has not done so in this case.  And fourth, all other cases plaintiffs cite to support their arguments are inapposite, either pertaining to absent or unnamed class members[3] (as opposed to named, non-representative class members), or involving the Private Securities Litigation Reform Act, which draws a presently unapplicable distinction between "lead plaintiffs" and "named plaintiffs."[4]

Finally, plaintiffs brought their claims on behalf of *themselves* as well as anyone similarly situated, Dkt. 89 at 2, and any class and its representatives in this case are, at this point,

---

[3] *See Clark v. Universal Builders, Inc.,* 501 F.2d 324, 340 (7th Cir. 1974); *In re Plasma-Derivative Protein Therapies Antitrust Litig.*, 2012 WL 1533221, at *6 (N.D. Ill. 2012); and *In re FedEx Ground Package Sys., Inc., Employment Practices Litig.*, 2007 WL 733753, at *7 (N.D. Ind. 2007), all cited in Dkt. 107 at 6, and *Mehl v. Canadian Pac. Ry.*, 216 F.R.D. 627, 631–32 (D.N.D. 2003), cited in Dkt. 107 at 9.

[4] *See In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, 283 F.R.D. 623, 625 (D. Colo. 2005) and *In re Lucent 10 Techs., Inc. Sec. Litig.*, No. Civ. A. 00-621-JAP, 2002 WL 32818345 (D.N.J. May 7, 2002), both cited in Dkt. 107 at 9.

putative. Thus, defendants are entitled to obtain discovery from all named plaintiffs because all claims will persist until dismissed, even if no class is certified.

## B. Relevance and proportionality

In addition to the blanket objection to requests aimed at non-class representatives, plaintiffs also object to specific requests as seeking discovery irrelevant to class certification. Dkt. 107 at 10. Defendants respond that the parties agreed there would be no hardline separation of merits discovery pre-and-post class certification, and so discovery on the merits is permissible. Dkt. 109 at 5.

Although defendants are entitled to reasonable merits discovery at this time, some of their requests are overly broad given the nature of plaintiffs' claims. All class claims are either property-based or for products liability and unjust enrichment. Dkt. 89 at 32, 36, 40, 46, 51. By contrast, the personal injury claim is brought only on behalf of nine individual plaintiffs. *Id.* at 52. Some of the requests to which plaintiffs specifically objected, defendant 3M's requests nos. 15 and 21 and defendant Wausau and Ahlstrom's requests nos. 13–15, seek documents exclusively related to plaintiffs' personal health and health habits. Dkt. 107 at 10–11. While these documents are not irrelevant to the personal injury claim, they are inapplicable to the property claims and so must be limited to the nine individual plaintiffs bringing the personal injury claim.

The other requests to which plaintiffs specifically object do not suffer from the same overbreadth. Moreover, the only argument plaintiff raises to the other requests is that they seek information beyond the scope of class certification, which, as already discussed, is not a valid objection.

ORDER

IT IS ORDERED that:

1. Defendants' motion to compel, Dkt. 102, is GRANTED with modifications to some requests, as set forth above and below.

2. Responses to defendant 3M's requests nos. 15 and 21 and defendant Wausau and Ahlstrom's requests nos. 13–15 are limited to the individual plaintiffs identified in the personal injury claim, Dkt. 89 at 52.

3. Defendants' unopposed motion to file a reply in support of this motion to compel, Dkt. 109, is GRANTED.

Entered March 21, 2025.

BY THE COURT:

/s/

_____

ANITA MARIE BOOR
Magistrate Judge