**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| LUCAS ROUGEAU, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>3M COMPANY (f/k/a MINNESOTA MINING AND MANUFACTURING, CO.); AHLSTROM RHINELANDER LLC; AHLSTROM NA SPECIALTY SOLUTIONS HOLDINGS INC; AHLSTROM NA SPECIALTY SOLUTIONS LLC; WAUSAU PAPER CORP.; WAUSAU PAPER MILLS, LLC; BASF CORPORATION; AND JOHN DOE DEFENDANTS 1-49,<br><br>Defendants. | ) | No. 3:23-CV-546<br><br>**JOINT MOTION TO**<br>**AMEND CASE SCHEDULE** |

Plaintiffs, Lucas Rougeau, *et al.* (collectively "Plaintiffs"), and Defendants 3M Company; Ahlstrom Rhinelander LLC, Ahlstrom NA Specialty Solutions Holdings Inc., and Ahlstrom NA Specialty Solutions LLC; BASF Corp. ("BASF"); and Wausau Paper Corp. and Wausau Paper Mills, LLC (all collectively, the "Parties"), have met and conferred, reached agreement, and respectfully move the Court to amend the Court's Case Schedule for good cause set forth herein. Given the addition of new defendant BASF, as well as the complexity of this litigation involving putative class action allegations with nearly fifty plaintiffs and now four sets of defendants, the Parties respectfully submit that there is good cause for the within request for additional time to complete the discovery phase of the litigation, which will affect other case deadlines.

To date, the Parties have made significant progress in discovery. The Parties have exchanged discovery requests and responses, made many document productions, and met and conferred about the scope of discovery and production of documents. The Parties have continued

to engage in good-faith discussions about the scope of discovery and reached various agreements about discovery that have avoided judicial intervention. These efforts are proceeding apace. Discovery in general has been demanding of the parties in this litigation due to the large number of individual parties, the number of years at issue, and the substantial volume of document productions—totaling millions of pages—the historical nature of many records necessitating extensive pre-disclosure review, and the complexity of the underlying issues, all of which have required substantial time. The Parties' productions are ongoing, and the Parties do not believe completion of all productions by the current fact deadline is feasible.

An important development for the discovery schedule of this case is Plaintiffs' recent amendment to the complaint adding BASF as a defendant. Adding BASF will require a new discovery workstream that is subject to the same circumstances as the existing streams—it relates to complex issues, will likely involve some significant volume, and could require extensive and time-consuming review. For example, since being added as a defendant, BASF has received over 125,000 documents of party and third-party productions (not yet including 3M's productions, which BASF is in the process of obtaining) which require significant processing time before BASF can even begin review. This new workstream will need to run in parallel with the ongoing work of the other Parties, and the Parties believe that the proposed, agreed-upon schedule can allow the various workstreams to run together and merge, facilitating more coordinated discovery, without prejudicing any Party and without causing undue disruption to the overall case schedule. The Parties have already been working to fold BASF into ongoing case workstreams to expedite this process, including by updating the protective order to include BASF and working to provide BASF with access to all prior document productions. On June 6, 2025, Plaintiffs served their first set of written discovery upon BASF, and BASF accordingly will serve written discovery requests upon

Plaintiffs. Completing discovery of and by BASF will require additional time, and so the Parties propose a schedule that accommodates this need without undue disruption to the existing schedule.

The proposed modifications to the case schedule will also promote efficiency and judicial economy by providing time for the Court to rule on BASF's pending motion to dismiss or to strike the class allegations before any class-certification deadline, allowing Plaintiffs sufficient time to conduct discovery of BASF in advance of their class certification expert disclosures, promoting coordination of discovery and class certification defenses between defendants, to the extent practicable, and minimizing the likelihood of duplicative discovery.

The Parties have conferred about the requested extension and have agreed to the deadlines below. The Parties respectfully request that the Court modify the Court's Case Schedule (Dkt. 100 at 2) as noted in the chart below.

| **Event** | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Disclosure and service of Plaintiffs' written expert reports in support of class certification | July 15, 2025 | Dec. 5, 2025 |
| Disclosure and service of Defendants' written expert reports in opposition to class certification | September 23, 2025 | Feb. 20, 2026 |
| Disclosure of rebuttal class experts | October 29, 2025 | March 30, 2026 |
| Plaintiffs' Motion and Brief to Certify Class | February 17, 2026 | July 24, 2026 |
| Filing of dispositive motions | August 17, 2026 | January 15, 2027 |
| Trial | March 1, 2027 | June 21, 2027, or at the Court's convenience |

For the Court's convenience, the Parties have attached a Proposed Order (Exhibit 1) to modify the Case Schedule (Dkt. 100 at 2) consistent with the deadlines provided herein. For the Court's awareness, the Parties have also attached a complete list of agreed-upon case deadlines (Exhibit 2). Consistent with the Court's prior practice, the Parties do not expect the Court to enter the complete list of case deadlines, with the exception of those listed in Exhibit 1.

Dated: June, 18 2025

*/s/ Brett Land*___________________
Brett Land
**COSSICH, SUMICH, PARSIOLA & TAYLOR, LLC**
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Telephone: (504) 394-9000
Fax: (504) 394-9110
Philip F. Cossich, Jr. (LA Bar 1788) (PHV)
Andrew Cvitanovic (LA Bar 345000 (PHV)

**BARON & BUDD, P.C.**
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219-4281
Telephone: (214) 521-3605
Fax: (214) 520-1181
Scott Summy (TX Bar 19507500) (PHV)
Brett Land (TX Bar 24092664)(PHV)

**CROOKS LAW FIRM S.C.**
531 Washington Street
Wausau, Wisconsin 54403
Telephone: (715) 842-2291
Fax: (715) 845-7367
Kristen E. Lonergan (WI Bar 1077538)

*Attorneys for Plaintiffs*

*/s/ Paul LaFata*______________________
Paul LaFata (admitted *pro hac vice*)
**DECHERT LLP**
Three Bryant Park
New York, NY 10036
Tel: (212) 698-3539
paul.lafata@dechert.com

Delanie M. Breuer (WI Bar 1085023)
**FREDRIKSON & BYRON, P.A.**
44 East Mifflin Street, Suite 1000
Madison, WI 53703
Tel: (608) 435-4260
dbreuer@fredlaw.com

*Attorneys for Wausau Paper Corp. and Wausau Paper Mills, LLC*

*/s/ Elissa Preheim*____________________
Michael D. Daneker (admitted *pro hac vice*)
Elissa J. Preheim (admitted *pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
Michael.Daneker@arnoldporter.com
Elissa.Preheim@arnoldporter.com

Joseph L. Olson
**MICHAEL BEST & FRIEDRICH LLP**
790 North Water Street, Suite 2500

Milwaukee, WI 53202
Tel: (414) 271-6560
Fax: (414) 277-0656
jlolson@michaelbest.com

*Attorneys for Ahlstrom Rhinelander LLC, Ahlstrom NA Specialty Solutions LLC, and Ahlstrom NA Specialty Solutions Holdings Inc.*

*/s/ Christopher Essig*____________________
Christopher B. Essig (admitted *pro hac vice)*
Karalena Senese (admitted *pro hac vice*)
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600

Derek J. Waterstreet, SBN 1090730
**VON BRIESEN & ROPER, S.C.**
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Tel: (414) 287-1519

*Attorneys for 3M Company*

*/s/ Ryan J. Walsh*____________________
Ryan J. Walsh (SBN 1091821)
**EIMER STAHL LLP**
10 East Doty Street, Suite 621
Madison, WI 53703
(608) 620-8346
(312) 692-1718 (fax)
rwalsh@eimerstahl.com

Vincent John Montalto (admitted *pro hac vice*)
**DLA PIPER LLP US**
51 John F. Kennedy Parkway
Suite 120
Short Hills, NJ 07078
(973) 307-3033

*Counsel for BASF Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2025 by electronically filing the foregoing document with the Clerk of Court through the CM/ECF system, a true and correct copy of the foregoing was served to all known counsel of record by notice of electronic filing.

*/s/ Paul LaFata*
Paul LaFata