# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

LUCAS ROUGEAU, *et al.*, on behalf of themselves
and all others similarly situated,

       Plaintiffs,

v.

3M COMPANY (f/k/a MINNESOTA MINING
AND MANUFACTURING, CO.); AHLSTROM
RHINELANDER LLC; AHLSTROM NA
SPECIALTY SOLUTIONS HOLDINGS INC;
AHLSTROM NA SPECIALTY SOLUTIONS
LLC; WAUSAU PAPER CORP.; WAUSAU
PAPER MILLS, LLC; BASF CORPORATION;
AND JOHN DOE DEFENDANTS 1-49,

       Defendants.

No. 3:23-CV-546

---

## WAUSAU PAPER CORP.'S AND WAUSAU PAPER MILLS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO FOURTH AMENDED COMPLAINT

### PRELIMINARY STATEMENT

Defendants Wausau Paper Corp. and Wausau Paper Mills, LLC (collectively, "Wausau Paper") for its answer and affirmative defenses to the Fourth Amended Complaint [Dkt. 113] ("Complaint"), states as follows.  In its answer, Wausau Paper refers at various points to documents, actions, or statements that the Complaint purports to characterize, selectively quote, or otherwise reference.  In referencing a document, action, or statement in the Complaint, Wausau Paper does not admit – and expressly reserves all rights to object, contest, or deny – the authenticity, accuracy, applicability, or admissibility of any such document, action, or statement. To the extent the headings and sub-headings of the Complaint constitute allegations, they are denied unless specifically admitted.  All responses below are stated on behalf of Wausau Paper

only, and nothing in this answer shall be construed as a statement on behalf of any other entity. Wausau Paper states as follows in response to the allegations of the Complaint:

<u>Response to "I. SUMMARY OF THE CASE"</u>

1.      The first sentence concerns matters in which Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this sentence and therefore denies the same.  To the extent the second sentence relates to Defendants other than Wausau Paper, no response is required.  To the extent the second sentence refers to Wausau Paper, it is denied with respect to Wausau Paper. The third sentence concerns matters in which Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this sentence and therefore denies the same.   To the extent a further response to this paragraph is required, this paragraph is denied.

2.      To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required.  To the extent the first sentence refers to Wausau Paper, this sentence is denied except that Wausau Paper Mills, LLC admits that it previously operated the Rhinelander Paper Mill.  Wausau Paper denies the remainder of this paragraph.

3.      To the extent the first sentence relates to Defendants other than Wausau Paper, no response is required.  To the extent the first sentence refers to Wausau Paper, it is denied with respect to Wausau Paper. The second and third sentences concern matters in which Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second and third sentences and therefore denies the same.  The fourth sentence refers to purported statements made by the Wisconsin Department of Health Services, Bureau of Environmental and Occupational Health and Wausau Paper refers the Court to the operative documents for the content of those documents.  The fifth sentence refers to statements made by the Wisconsin Department of Natural Resources and Wausau Paper refers the Court to the

operative documents for the content of those documents.  To the extent a further response is required, this paragraph is denied.

4.     This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

5.     The first sentence is denied.  The second sentence, along with the footnote, refers to purported statements from the United States and Environmental Protection Agency, and Wausau Paper refers the Court to the operative documents for the content of those documents.  In addition, this paragraph concerns matters that are the proper subject of expert testimony, and Wausau Paper therefore denies the same prior to discovery and disclosure of any such testimony.  To the extent a further response is required, this paragraph, along with the footnote, is denied.

6.     To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required.  To the extent this paragraph refers to Wausau Paper, it is denied with respect to Wausau Paper. In addition, this paragraph concerns matters that are the proper subject of expert testimony and Wausau Paper therefore denies the same prior to discovery and disclosure of any such testimony.

7.     Wausau Paper is without information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

8.     This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

**Response to "II. PARTIES"**

**Response to "A. PLAINTIFFS"**

9.     Response to "Lucas & Alisha Rougeau"

a.     Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of Lucas and Alisha Rougeau, and the first

3

sentence is denied. Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

b.    Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore this paragraph is denied.

10.    Response to "Carrie and Kerry Brenton"

a.    Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of Carrie and Kerry Brenton, and the first sentence is denied. Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

b.    Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore this paragraph is denied.

c.    The first sentence is denied. Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

11.    Response to "Timothy and Melissa Gerdmann"

a.    Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of Timothy and Melissa Gerdmann, and the first sentence is denied. Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second

4

sentence and therefore denies the same.

    b.    Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore this paragraph is denied.

12.    Response to "David and Robin Gorman"

    a.    Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of David and Robin Gorman, and the first sentence is denied. Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

    b.    Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore this paragraph is denied.

13.    Response to "David and Kathi Grandt"

    a.    Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of David and Kathi Grandt, and the first sentence is denied. Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

    b.    Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore this paragraph is denied.

14.    Response to "Justin and Erin Hetzel"

a.  Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of Justin and Erin Hetzel, and the first sentence is denied.  Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

b.  Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore this paragraph is denied.

15.  Response to "Philip and Minnie Rene Iannarelli"

a.  Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of Philip and Minnie Rene Iannarelli, and the first sentence is denied.  Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

b.  Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore this paragraph is denied.

16.  Response to "Greg and Sylvia Canner"

a.  Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of Greg and Sylvia Canner, and the first sentence is denied.  Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

      b.     Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore this paragraph is denied.

17.    Response to "Don and Sarah Endres"

      a.     Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of Don and Sarah Endres, and the first sentence is denied.  Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

      b.     Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore this paragraph is denied.

      c.     The first sentence is denied.  Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

18.    Response to "Jason DeBay"

      a.     Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of Jason DeBay, and the first sentence is denied. Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

      b.     Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore this

paragraph is denied.

19.    Response to "Sharon and Martin Lombardi, individually and on behalf of Martin A. Lombardi and Sharon M. Lombardi Revocable Trust."

    a.    Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of Sharon and Martin Lombardi, and this paragraph is denied.

    b.    Wausau Paper is without knowledge or information sufficient to form a belief as to the property held by the Martin A. Lombardi and Sharon M. Lombardi Revocable Trust, and this paragraph is denied.

    c.    To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required. To the extent this paragraph refers to Wausau Paper, it is denied with respect to Wausau Paper.

20.    Response to "Diane Pilat"

    a.    Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of Diane Pilat, and the first sentence is denied. Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

    b.    Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore this paragraph is denied.

    c.    The first sentence is denied. Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the

second sentence and therefore denies the same.

21.     Response to "Edward and Nancy Szymanski"

a.      Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of Edward and Nancy Szymanski, and the first sentence is denied.  Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

b.      Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore this paragraph is denied.

22.     Response to "Denise and Robert Terbeest"

a.      Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of Denise and Robert Terbeest, and the first sentence is denied.  Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

b.      Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore this paragraph is denied.

23.     Response to "David and Rebecca Martin"

a.      Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of David and Rebecca Martin, and the first sentence is denied.  Wausau Paper is without knowledge or information

sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

b. Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore this paragraph is denied.

24. Response to "Steven Wakely"

a. Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of Steven Wakely, and the first sentence is denied. Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

b. Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore this paragraph is denied.

25. Response to "MP Snowden LLC and Patti and Michael Crump"

a. Wausau Paper is without knowledge or information sufficient to form a belief as to the property owned by MP Snowden LLC, and the first sentence is denied. Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

b. Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the first sentence, and the first sentence is denied. The second sentence sets forth a legal conclusion to

which no response is required.  To the extent a further response to the second sentence is required, the second sentence is denied. Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the third sentence and therefore denies the same.

c.  Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore this paragraph is denied.

26.  Response to "Nicole and John Paulson"

a.  Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of Nicole and John Paulson, and the first sentence is denied.  Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

b.  Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore this paragraph is denied.

27.  Response to "Heidi and Marc Stolt"

a.  Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of Heidi and Marc Stolt, and the first sentence is denied.  Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

b.  Wausau Paper is without knowledge or information sufficient to form a

belief as to the allegations contained in this paragraph, and therefore this paragraph is denied.

28.    Response to "Michael and Elizabeth Machurick"

    a.    Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of Michael and Elizabeth Machurick, and the first sentence is denied. Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

    b.    Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore this paragraph is denied.

29.    Response to "Lucinda Marquardt"

    a.    Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of Lucinda Marquardt, and the first sentence is denied. Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

    b.    Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore this paragraph is denied.

    c.    The first sentence is denied. Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

30.    Response to "James and Tammie Szymanski"

a.    Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of James and Tammie Szymanski, and the first sentence is denied.  Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

b.    Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore this paragraph is denied.

c.    The first sentence is denied.  Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

d.    The first sentence is denied.  Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

31.    Response to "Kyle Ladean"

a.    Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of Kyle Ladean, and the first sentence is denied. Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

b.    Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore this

paragraph is denied.

32.     Response to "Cindy Deere"

    a.     Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of Cindy Deere, and the first sentence is denied. Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

    b.     Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore this paragraph is denied.

    c.     The first sentence is denied.  Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

33.     Response to "Jerome Kuczmarski"

    a.     Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of Jerome Kuczmarski, and the first sentence is denied.  Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

    b.     Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore this paragraph is denied.

    c.     To the extent this paragraph relates to Defendants other than Wausau Paper,

no response is required.  To the extent this paragraph refers to Wausau Paper, it is denied with respect to Wausau Paper.

34.    Response to "JP Venden Investments LLC"

    a.    Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies the same.

    b.    Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies the same.

35.    Response to "Jason Venden"

    a.    Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies the same.

    b.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

36.    Response to "Amy and Frank Rosendahl"

    a.    Wausau Paper is without knowledge or information sufficient to form a belief as to the citizenship of Amy and Frank Rosendahl, and the first sentence is denied.  Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

    b.    Wausau Paper is without knowledge or information sufficient to form a

belief as to the allegations contained in this paragraph, and therefore this paragraph is denied.

c. The first sentence is denied. Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence and therefore denies the same.

37. The first sentence sets forth a legal conclusion to which no response is required. To the extent a further response to the first sentence is required, the first sentence is denied. The second sentence concerns matters in which Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this sentence and therefore denies the same.

**Response to "B. DEFENDANTS"**

38. This paragraph relates solely to a Defendant other than Wausau Paper and therefore no response is required. To the extent a response is required, this paragraph is denied.

39. To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required. To the extent this paragraph refers to Wausau Paper, its reference to "PFAS products" – an undefined term that can encompass thousands of distinct chemical compounds – is vague and undefined, and this paragraph is thus denied.

40. This paragraph relates solely to a Defendant other than Wausau Paper and therefore no response is required. To the extent a response is required, this paragraph is denied.

41. The first sentence is denied except that Wausau Paper Mills, LLC admits that it previously operated the Rhinelander Paper Mill. The second sentence is admitted. The third sentence is denied except that Wausau Paper admits that Wausau Paper Corp. is incorporated in the state of Wisconsin. The fourth sentence is denied, except that Wausau Paper Mills, LLC admits that it is organized in Wisconsin.

16

42.    This paragraph refers to the effect and construction of a legal instrument, to which no response is required.  To the extent a response is required, this paragraph is denied except that Wausau Paper admits that it sold the Rhinelander Paper Mill in 2013 to another company.

43.    The term "PFAS products" is undefined and can refer to thousands of distinct chemical compounds and is, therefore, too vague to respond. This paragraph is thus denied.

44.    This paragraph is denied.

45.    This paragraph relates solely to a Defendant other than Wausau Paper and therefore no response is required.  To the extent a response is required, this paragraph is denied.

46.    This paragraph relates solely to a Defendant other than Wausau Paper and therefore no response is required.  To the extent a response is required, this paragraph is denied.

### Response to "III. JURISDICTION & VENUE"

47.    This paragraph, along with the footnote, sets forth a legal conclusion, to which no response is required.  To the extent these allegations relates to a Defendant other Wausau Paper, no response is required.  To the extent this paragraph, along with the footnote, refers to Wausau Paper and a response is required, it is denied with respect to Wausau Paper.

48.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent these allegations relate to a Defendant other Wausau Paper, no response is required.  To the extent this paragraph refers to Wausau Paper and a response is required, it is denied with respect to Wausau Paper.

### Response to "IV. FACTUAL ALLEGATIONS COMMON TO ALL PLAINTIFFS AND CLASS MEMBERS"

### Response to "A. THE PFAS CONTAMINANTS AT ISSUE: PFOA AND PFOS, AMONG OTHERS"

49.    This paragraph concerns matters that are the proper subject of expert testimony, and Wausau Paper therefore denies the same prior to discovery and disclosure of any such

17

testimony.  This paragraph is otherwise denied.

50.     This paragraph concerns matters that are the proper subject of expert testimony, and Wausau Paper therefore denies the same prior to discovery and disclosure of any such testimony.  This paragraph is otherwise denied.

51.     This paragraph, along with the footnote, concerns matters that are the proper subject of expert testimony, and Wausau Paper therefore denies the same prior to discovery and disclosure of any such testimony.  This paragraph, along with the footnote, is otherwise denied.

52.     This paragraph, along with the footnote, concerns matters that are the proper subject of expert testimony, and Wausau Paper therefore denies the same prior to discovery and disclosure of any such testimony.  This paragraph, along with the footnote, is otherwise denied.

53.     The first sentence concerns matters that are the proper subject of expert testimony, and Wausau Paper therefore denies the same prior to discovery and disclosure of any such testimony. The second sentence, along with the footnotes, purports to refer to putative statements and actions by the United States Environmental Protection Agency, and Wausau Paper refers the Court to the operative documents for the contents of those documents.  To the extent a further response to the second sentence is required, the second sentence, along with the footnotes, is denied.  This paragraph is otherwise denied.

54.     This paragraph, along with the footnote, purports to refer to putative statements and actions by the United States Environmental Protection Agency, and Wausau Paper refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph, along with the footnote, is denied.

55.     This paragraph, along with the footnote, purports to refer to putative statements and actions by the United States Environmental Protection Agency, and Wausau Paper refers the Court

to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph, along with the footnote, is denied.

56.    This paragraph, along with the footnotes, purports to refer to putative statements and actions by the United States Environmental Protection Agency, and Wausau Paper refers the Court to the operative documents for the contents of those documents.  To the extent a further response is required, this paragraph, along with the footnotes, is denied.

57.    This paragraph concerns matters that are the proper subject of expert testimony, and Wausau Paper therefore denies the same prior to discovery and disclosure of any such testimony.  To the extent a further response is required, this paragraph is denied.

58.    This paragraph concerns matters that are the proper subject of expert testimony, and Wausau Paper therefore denies the same prior to discovery and disclosure of any such testimony.  To the extent a further response is required, this paragraph is denied.

### RESPONSE TO "B. "DEFENDANTS' KNOWLEDGE AND CONCEALMENT OF PFOA/PFOS HAZARDS"

59.    This paragraph relates solely to a Defendant other than Wausau Paper, and therefore no response is required.  To the extent a response is required, this paragraph is denied.

60.    To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required.  To the extent this paragraph refers to Wausau Paper, it is denied with respect to Wausau Paper.

61.    This paragraph, along with the footnote, relates solely to a Defendant other than Wausau Paper and therefore no response is required.  To the extent a response is required, this paragraph, along with the footnote, is denied.

62.    To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required.  To the extent this paragraph refers to Wausau Paper, it is denied with respect to Wausau Paper.

63.    This paragraph, along with the footnote, relates solely to a Defendant other than Wausau Paper, and therefore no response is required.  To the extent a response is required, this paragraph, along with the footnote, is denied.

64.    This paragraph relates solely to Defendants other than Wausau Paper, and therefore no response is required.  To the extent a response is required, this paragraph is denied.

65.    This paragraph relates solely to Defendants other than Wausau Paper, and therefore no response is required.  To the extent a response is required, this paragraph is denied.

66.    This paragraph sets forth a legal conclusion to which no response is required.  This paragraph further relates solely to Defendants other than Wausau Paper, and therefore no response is required. To the extent a further response is required, this paragraph is denied.

67.    This paragraph refers to the effect and construction of legal instruments and papers that speak for themselves and as to which no response is required.  To the extent a response is required, this paragraph is denied, except that Wausau Paper admits that it sold the Rhinelander Paper Mill in 2013 to another company.

68.    The first sentence is admitted. As to the second sentence, it is denied except that Wausau Paper admits that certain information about land application is provided to the Wisconsin Department of Natural Resources prior to land application. The third sentence concerns matters that are the proper subject of expert testimony, and Wausau Paper therefore denies the same prior to discovery and disclosure of any such testimony.  This paragraph is otherwise denied.

69.    To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required.  To the extent this paragraph refers to Wausau Paper, it is denied with respect to Wausau Paper.

70.    To the extent this paragraph relates to Defendants other than Wausau Paper, no

response is required. The second sentence refers to statements from certain Annual Land Application Reports, and Wausau Paper refers the Court to the operative documents for the content of those documents. To the extent a further response is required as to the second sentence, it is denied. The third sentence is denied with respect to Wausau Paper. To the extent a further response to this paragraph is required, this paragraph is denied.

71.    To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required. To the extent this paragraph refers to Wausau Paper, it is denied with respect to Wausau Paper.

72.    To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required. To the extent this paragraph refers to Wausau Paper, it is denied with respect to Wausau Paper.

73.    To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required. To the extent the first sentence refers to Wausau Paper, Wausau Paper admits that Wausau Paper sold the Rhinelander Paper Mill in 2013 to another company. As to the second sentence, to the extent that sentence refers to Defendants other than Wausau Paper, no response is required. To the extent the second sentence refers to Wausau Paper, it is denied with respect to Wausau Paper. The third, fourth, and fifth sentences set forth legal conclusions to which no response is required. To the extent a further response is required, this paragraph is denied.

74.    To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required. To the extent this paragraph refers to Wausau Paper, it is denied with respect to Wausau Paper.

75.    This paragraph sets forth a legal conclusion to which no response is required. To the extent a further response is required, this paragraph is denied with respect to Wausau Paper.

**RESPONSE TO "C. THE IMPACT OF PFOA AND PFOS ON PLAINTIFFS AND CLASS MEMBERS**

76.     This paragraph concerns matters in which Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies the same.  To the extent a further response is required, this paragraph is denied.

77.     This paragraph concerns matters in which Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies the same.  To the extent a further response is required, this paragraph is denied.

78.     This paragraph concerns matters in which Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies the same.  To the extent a further response is required, this paragraph is denied.

79.     This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

80.     This paragraph concerns matters in which Wausau Paper is without knowledge or information sufficient to form a belief as to the allegations contained in this paragraph and therefore denies the same.  To the extent a further response is required, this paragraph is denied.

81.     This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

### Response to "CLASS ACTION ALLEGATIONS"

82.     This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

83.     This paragraph purports to set forth a definition to which no response is required. To the extent a further response is required, this paragraph is denied.

84.     To the extent this heading constitutes an allegation to which a response is required, the allegation is denied.

    a.    This paragraph purports to set forth a definition to which no response is required. To the extent a further response is required, this paragraph is denied.

    b.    This paragraph purports to set forth a definition to which no response is required. To the extent a further response is required, this paragraph is denied.

    c.    This paragraph purports to set forth a definition to which no response is required. To the extent a further response is required, this paragraph is denied.

85.    This paragraph purports to set forth a definition to which no response is required. To the extent a further response is required, this paragraph is denied.

86.    This paragraph sets forth a legal assertion to which no response is required. To the extent a further response is required, this paragraph is denied.

87.    This paragraph is denied.

88.    This paragraph is denied.

89.    This paragraph is denied.

    a.    This paragraph is denied.

    b.    This paragraph is denied.

    c.    This paragraph is denied.

    d.    This paragraph is denied.

    e.    This paragraph is denied.

    f.    This paragraph is denied.

    g.    This paragraph is denied.

       h.     This paragraph is denied.

       i.     This paragraph is denied.

       j.     This paragraph is denied.

       k.     This paragraph is denied.

       l.     This paragraph is denied.

       m.     This paragraph is denied.

90.     This paragraph is denied.

91.     This paragraph is denied.

92.     This paragraph is denied.

### Response to "VI. FIRST CAUSE OF ACTION"

### Response to "Class and Individual Claims for Strict Liability - Design Defect and/or Defective Product (against 3M, BASF Corporation & John Doe Defendants)"

93.     Wausau Paper incorporates by reference its responses to the previous paragraphs.

94.     This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is otherwise denied.

95.     To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required.  To the extent this paragraph refers to Wausau Paper, it is denied with respect to Wausau Paper.

96.     To the extent this paragraph refers to Wausau Paper, it is denied, including because its reference to "PFAS Products" – an undefined term that can encompass thousands of distinct chemical compounds – is vague and undefined.  To the extent the allegations in this paragraph relate to Defendants other than Wausau Paper, Wausau Paper is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies the same.

97.     This paragraph sets forth a legal conclusion to which no response is required.  To

the extent this paragraph relates to Defendants other than Wausau Paper, no response is required. To the extent this paragraph refers to Wausau Paper, this paragraph is denied.

98.     To the extent the allegations in this paragraph relate to a Defendant other than Wausau Paper, Wausau Paper is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies the same. This paragraph is otherwise denied.

99.     To the extent this paragraph relates solely to Defendants other than Wausau Paper, no response is required. To the extent this paragraph relates to Wausau Paper, this paragraph is denied.

100.    This paragraph sets forth a legal conclusion to which no response is required. To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required. To the extent this paragraph relates to Wausau Paper, this paragraph is denied.

   a.    This paragraph concerns matters that are the proper subject of expert testimony and Wausau Paper therefore denies the same prior to discovery and disclosure of any such testimony. This paragraph is otherwise denied.

   b.    This paragraph concerns matters that are the proper subject of expert testimony and Wausau Paper therefore denies the same prior to discovery and disclosure of any such testimony. This paragraph is otherwise denied.

   c.    This paragraph concerns matters that are the proper subject of expert testimony and Wausau Paper therefore denies the same prior to discovery and disclosure of any such testimony. This paragraph is otherwise denied.

   d.    This paragraph concerns matters that are the proper subject of expert testimony and Wausau Paper therefore denies the same prior to discovery and disclosure of any such testimony. This paragraph is otherwise denied.

e.      This paragraph concerns matters that are the proper subject of expert testimony and Wausau Paper therefore denies the same prior to discovery and disclosure of any such testimony. This paragraph is otherwise denied.

f.      This paragraph concerns matters that are the proper subject of expert testimony and Wausau Paper therefore denies the same prior to discovery and disclosure of any such testimony. This paragraph is otherwise denied.

g.      This paragraph concerns matters that are the proper subject of expert testimony and Wausau Paper therefore denies the same prior to discovery and disclosure of any such testimony. This paragraph is otherwise denied.

h.      This paragraph concerns matters that are the proper subject of expert testimony and Wausau Paper therefore denies the same prior to discovery and disclosure of any such testimony. This paragraph is otherwise denied.

i.      This paragraph concerns matters that are the proper subject of expert testimony and Wausau Paper therefore denies the same prior to discovery and disclosure of any such testimony. This paragraph is otherwise denied.

j.      To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required. To the extent this paragraph relates to Wausau Paper, this paragraph is denied.

k.      To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required. To the extent this paragraph relates to Wausau Paper, this paragraph is denied.

101.    To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required. To the extent this paragraph relates to Wausau Paper, this paragraph is

denied.

102.     To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required.  To the extent this paragraph refers to Wausau Paper, it is denied with respect to Wausau Paper.

103.     This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

104.     This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

105.     To the extent this heading constitutes an allegation to which a response is required, the allegation is denied.

       a.     To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required. To the extent a further response is required, this paragraph is denied.

       b.     To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required. To the extent a further response is required, this paragraph is denied.

       c.     To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required. To the extent a further response is required, this paragraph is denied.

106.     This paragraph is denied.

107.     This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

108.     This paragraph relates solely to Defendants other than Wausau Paper, and therefore

no response is required.  To the extent a response is required, this paragraph is denied.

109.    This paragraph relates solely to Defendants other than Wausau Paper, and therefore no response is required.  To the extent a response is required, this paragraph is denied.

### Response to "VII. SECOND CAUSE OF ACTION"

### Response to "Class and Individual Claims for Strict Liability - Failure to Warn / Inadequate Instructions or Warnings (against 3M, BASF, and John Doe Defendants)"

110.    Wausau Paper incorporates by reference its responses to the previous paragraphs.

111.    To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required.  To the extent a further response is required, Wausau Paper denies this paragraph.

112.    To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required.  To the extent a further response is required, Wausau Paper denies this paragraph.

113.    To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required.  To the extent this paragraph refers to Wausau Paper, it is denied with respect to Wausau Paper.

114.    This paragraph is denied.

115.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required.  To the extent this paragraph refers to Wausau Paper, it is denied with respect to Wausau Paper.

116.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required.  To the extent a further response is required, this paragraph is denied.

117.    This paragraph sets forth a legal conclusion to which no response is required.  To

the extent this paragraph relates to Defendants other than Wausau Paper, no response is required. To the extent a further response is required, this paragraph is denied.

118. This paragraph sets forth a legal conclusion to which no response is required. To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required. To the extent a further response is required, it is denied with respect to Wausau Paper.

119. This paragraph sets forth a legal conclusion to which no response is required. To the extent a further response is required, this paragraph is denied.

120. To the extent this heading constitutes an allegation to which a response is required, the allegation is denied. This paragraph is otherwise denied.

    a. To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required. To the extent a further response is required, this paragraph is denied.

    b. To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required. To the extent a further response is required, this paragraph is denied.

    c. To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required. To the extent a further response is required, this paragraph is denied.

    d. To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required. To the extent a further response is required, this paragraph is denied.

121. This paragraph is denied.

122. This paragraph sets forth a legal conclusion to which no response is required. To

the extent a further response is required, this paragraph is denied.

123.    This paragraph relates solely to Defendants other than Wausau Paper and therefore no response is required.  To the extent a response is required, this paragraph is denied.

124.    This paragraph relates solely to Defendants other than Wausau Paper and therefore no response is required.  To the extent a response is required, this paragraph is denied.

<strong>Response to "VIII. THIRD CAUSE OF ACTION"</strong>

<strong><u>Response to "Class and Individual Claims for Negligence Resulting in Property Damage (ALL DEFENDANTS)"</u></strong>

125.    Wausau Paper incorporates by reference its responses to the previous paragraphs.

126.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required.  To the extent a further response is required, this paragraph is denied.

127.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

128.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required.  To the extent a further response is required, this paragraph is denied.

129.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required.  To the extent a further response is required, this paragraph is denied.

130.    This paragraph relates solely to Defendants other than Wausau Paper and therefore no response is required.  To the extent a response is required, this paragraph is denied.

131.    This paragraph relates solely to Defendants other than Wausau Paper and therefore no response is required.  To the extent a response is required, this paragraph is denied.

132.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

133.    To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required.  To the extent this paragraph refers to Wausau Paper, this paragraph is denied.

134.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required.  To the extent a further response is required, this paragraph is denied.

135.    To the extent this heading constitutes an allegation to which a response is required, the allegation is denied.

    a.    This paragraph is denied.

    b.    This paragraph is denied.

    c.    This paragraph is denied.

    d.    This paragraph is denied.

136.    This paragraph is denied.

137.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

138.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

139.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

## RESPONSE TO "IX. FOURTH CAUSE OF ACTION"

### Response to "Class and Individual Claims for Private Nuisance (All Defendants)"

140.    Wausau Paper incorporates by reference its responses to the previous paragraphs.

141.    This paragraph is denied.

142.    To the extent this heading constitutes an allegation to which a response is required, the allegation is denied.

      a.     This paragraph is denied.

      b.     This paragraph is denied.

      c.     This paragraph is denied.

      d.     This paragraph is denied.

143.    This paragraph is denied.

144.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

145.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

146.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

## RESPONSE TO "X. FIFTH CAUSE OF ACTION"

### Response to "Class and Individual Claims for Trespass (All Defendants)"

147.    Wausau Paper incorporates by reference its responses to the previous paragraphs.

148.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

149.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

150.    To the extent this heading constitutes an allegation to which a response is required, the allegation is denied.

      a.     This paragraph is denied.

      b.      This paragraph is denied.

      c.      This paragraph is denied.

151.    This paragraph is denied.

152.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

153.    This paragraph relates solely to Defendants other than Wausau Paper and therefore no response is required.  To the extent a response is required, this paragraph is denied.

154.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

### RESPONSE TO "XI. SIXTH CAUSE OF ACTION"

**<u>Response to "Class and Individual Claims for Strict Liability — Abnormally Dangerous</u>**
(Ahlstrom and Wausau Paper Defendants— Paper Mill Defendants)"

155.    Wausau Paper incorporates by reference its responses to the previous paragraphs.

156.    This paragraph concerns matters that are the proper subject of expert testimony and Wausau Paper therefore denies the same prior to discovery and disclosure of any such testimony. This paragraph is otherwise denied.

157.    To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required.  To the extent to which this paragraph sets forth a legal conclusion, no response is required. To the extent a further response is required, this paragraph is denied.

158.    This paragraph concerns matters that are the proper subject of expert testimony and Wausau Paper therefore denies the same prior to discovery and disclosure of any such testimony. This paragraph is otherwise denied.

159.    This paragraph concerns matters that are the proper subject of expert testimony and Wausau Paper therefore denies the same prior to discovery and disclosure of any such testimony.

160.    This paragraph concerns matters that are the proper subject of expert testimony and Wausau Paper therefore denies the same prior to discovery and disclosure of any such testimony.

161.    To the extent this heading constitutes an allegation to which a response is required, the allegation is denied.

       a.    This paragraph is denied.

       b.    This paragraph is denied.

       c.    This paragraph is denied.

162.    This paragraph is denied.

163.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

164.    This paragraph is denied.

165.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

### RESPONSE TO "XXI. SEVENTH CAUSE OF ACTION"

**Response to "Sludge Application Subclass Claim for Unjust Enrichment**
(Ahlstrom and Wausau Paper Defendants- Paper Mill Defendants)"

166.    Wausau Paper incorporates by reference its responses to the previous paragraphs.

167.    Wausau Paper is without knowledge or sufficient information to form a belief as to this paragraph and therefore denies the same. To the extent a further response is required, this paragraph is denied.

168.    To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required.  To the extent this paragraph refers to Wausau Paper, it is denied with respect to Wausau Paper.

169.    To the extent this paragraph relates to Defendants other than Wausau Paper, no

response is required.  To the extent this paragraph refers to Wausau Paper, it is denied with respect to Wausau Paper.

170.    To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required.  To the extent this paragraph refers to Wausau Paper, it is denied with respect to Wausau Paper.

171.    To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required.  To the extent this paragraph refers to Wausau Paper, it is denied with respect to Wausau Paper.

172.    Wausau Paper is without knowledge or sufficient information to form a belief as to this paragraph and therefore denies the same. To the extent a further response is required, this paragraph is denied.

173.    To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required.  To the extent this paragraph refers to Wausau Paper, it is denied with respect to Wausau Paper.

### Response to "XXII. INDIVIDUAL CLAIMS For Negligence Resulting in Personal Injury Damage (ALL DEFENDANTS) "

174.    Wausau Paper incorporates by reference its previous responses to paragraphs 1 through 9, 18, 21, 30, 31 and 38 through 78.

175.    This paragraph sets forth a legal conclusion to which no response is required. To the extent a further response is required, this paragraph is denied.

176.    This paragraph is denied.

177.    This paragraph is denied.

178.    This paragraph is denied.

179.    This paragraph relates solely to a Defendant other than Wausau Paper and therefore

no response is required.  To the extent a response is required, this paragraph is denied.

180.     To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required.  To the extent a further response is required, this paragraph is denied.

181.     This paragraph sets forth a legal conclusion to which no response is required.  To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required. To the extent a further response is required, this paragraph is denied.

182.     To the extent this paragraph relates to Defendants other than Wausau Paper, no response is required.  To the extent this paragraph refers to Wausau Paper, it is denied with respect to Wausau Paper.

183.     This paragraph is denied.

184.     To the extent this heading constitutes an allegation to which a response is required, the allegation is denied.

> a.     Wausau Paper is without knowledge or sufficient information to form a belief as to Carrie and Kerry Brenton's consumption of water, and the first sentence is denied.  The rest of this paragraph is denied.

> b.     Wausau Paper is without knowledge or sufficient information to form a belief as to Don Endres's consumption of water, and the first sentence is denied.  The rest of this paragraph is denied.

> c.     Wausau Paper is without knowledge or sufficient information to form a belief as to Diane Pilat's consumption of water, and the first sentence is denied.  The rest of this paragraph is denied.

> d.     Wausau Paper is without knowledge or sufficient information to form a belief as to Lucinda Marquardt's consumption of water, and the first

sentence is denied.  The rest of this paragraph is denied.

    e.    Wausau Paper is without knowledge or sufficient information to form a belief as to James Szymanski's consumption of water, and the first sentence is denied.  The rest of this paragraph is denied.

    f.    Wausau Paper is without knowledge or sufficient information to form a belief as to Tammie Szymanski's consumption of water, and the first sentence is denied.  The rest of this paragraph is denied.

    g.    Wausau Paper is without knowledge or sufficient information to form a belief as to Cindy Deere's consumption of water, and the first sentence is denied.  The rest of this paragraph is denied.

    h.    Wausau Paper is without knowledge or sufficient information to form a belief as to Amy and Frank Rosendahl's consumption of water, and the first sentence is denied.  The rest of this paragraph is denied.

185.    This paragraph is denied.

186.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a further response is required, this paragraph is denied.

187.    This paragraph relates solely to Defendants other than Wausau Paper and therefore no response is required.  To the extent a response is required, this paragraph is denied.

188.    This paragraph is denied.

## Response to "PRAYER FOR RELIEF "

Plaintiffs' prayer for relief is denied in its entirety.

## AFFIRMATIVE AND OTHER DEFENSES

The following are defenses that Defendants Wausau Paper Corp. and Wausau Paper Mills, LLC (collectively, "Wausau Paper") may assert based on the facts alleged in the action, or based

on facts adduced in discovery. In disclosing these defenses, Wausau Paper does not assume any burden of proof not otherwise required by law. Moreover, Wausau Paper undertakes the burden of proof only as to those defenses deemed "affirmative" defenses by law, regardless of how such defenses are denominated herein. Finally, Wausau Paper reserves its right to assert further defenses that may become apparent in the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have not alleged a physical injury that, as a matter of law, supports a recovery in tort.

## THIRD AFFIRMATIVE DEFENSE

To the extent that the action, including any portion of the claims therein, was not commenced within the applicable statutory time period, it is barred, in whole or in part, by the applicable statutes of limitations and/or repose.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because under Wisconsin law Wausau Paper did not owe a legal duty to Plaintiffs or, if it owed such a duty, did not breach that duty.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because, at all relevant times, Wausau Paper exercised due care with respect to its activities and took reasonable precautions against foreseeable acts or omissions of others.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because none of the alleged acts or omissions of Wausau Paper proximately caused the purported injuries and damages allegedly sustained by Plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged damages in the Complaint were proximately caused by others, including intervening and/or superseding acts or omissions

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to preexisting conditions, for which Wausau Paper cannot be held responsible.

### NINTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which the liability of Wausau Paper can be predicated on the acts or omissions of a third-party, who was not an agent or employee of Wausau Paper and for whose acts or omissions Wausau Paper is not legally responsible, or any other theory of vicarious liability.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, on the ground that Wausau Paper did not own, operate or otherwise control Rhinelander Paper Mill at the relevant time.

## ELEVENTH AFFIRMATIVE DEFENSE

Wausau Paper denies any negligence, culpable conduct or liability on its part but, if Wausau Paper ultimately is found liable for any portion of Plaintiffs' alleged damages, Wausau Paper shall only be liable for its equitable share of Plaintiffs' alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

Wausau Paper cannot be held jointly and severally liable for the acts or omissions of third parties because their acts or omissions were separate and distinct and the alleged harm is divisible from any harm allegedly caused by acts or omissions of Wausau Paper.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any alleged acts or omissions by Wausau Paper were dictated by federal and state agencies, overseen and approved or ratified by those agencies, and/or the subject of federal and state statutes and regulations.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failing to link any of their alleged exposure to any PFAS or related compounds to any PFAS or related compounds for which Wausau Paper had any responsibility.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs cannot establish that their alleged injuries were caused by the alleged exposure to any PFAS or related compounds for which Wausau Paper had any responsibility.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that PFAS or related compounds have been reliably established, through scientific means, to be capable of causing their alleged injuries.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs cannot establish that they were exposed to a sufficient concentration or amount of PFAS or related compounds, and/or for a sufficient duration, that have been reliably established, through scientific means, to be capable of causing the alleged injuries.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that there has not been any actual migration of PFAS or related compounds onto Plaintiffs' properties.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot establish that their properties have sustained any damage from an actual migration of PFAS or related compounds from the Rhinelander Paper Mill, any other facility owned and operated by Wausau Paper, or any other site otherwise associated with the Rhinelander Paper Mill, or from any stigma, to the extent alleged, associated with each property's proximity any such location.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' complaint includes a request for injunctive relief, Plaintiffs' claims for injunctive relief are barred, in whole or in part, because the volume and toxicity of any PFAS or related compounds alleged to have originated from, or be otherwise associated with, the Rhinelander Paper Mill or land application of fibercake from the Rhinelander Paper Mill to

Plaintiffs' properties to which Plaintiffs alleges they were exposed are de minimis, and are therefore insufficient to give rise to any liability on the part of Wausau Paper and would pose a disproportionate hardship on Wausau Paper, as well as on the public, in comparison to the injury and/or damages allegedly suffered by Plaintiffs. Accordingly, as a matter of law, Plaintiffs are not entitled to injunctive relief as to Wausau Paper.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Wausau Paper did not know or have reason to know of the alleged nature or toxicity of particular hazardous substances allegedly handled and disposed at the Rhinelander Paper Mill, or at any other site receiving substances associated with the Rhinelander Paper Mill, and that allegedly caused Plaintiffs' injuries.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged acts or omissions by Wausau Paper, throughout the relevant and material time period, conformed to the then-existing custom and practice, and Wausau exercised due care and acted in accordance with and/or complied with available technological, medical, scientific, and industrial "state-of-the-art" practice, and/or applicable laws and regulations.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the State-of-the-Art Defense.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Wausau Paper complied with all applicable statutes, regulations, and/or standards.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the doctrine of federal preemption, including express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies or the executive branch.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to allege an alternative feasible design.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The relief sought in Plaintiffs' Complaint is, in whole or in part, within the particular expertise of and is being addressed by federal and state governments, and their relevant agencies, and thus this Court should decline to exercise jurisdiction over these matters pursuant to the doctrine of primary jurisdiction and/or the doctrine of separation of powers.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed to exhaust administrative remedies.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seeks to impose liability based on conduct that Wausau was required to take by law, consent decrees, regulations, or other governmental pronouncements.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent federal, state and/or local authorities and agencies have mandated, directed, approved and/or ratified the alleged actions or

omissions of Wausau Paper and to the extent Wausau Paper could not change its conduct without governmental approval.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because stigma damages are not recoverable absent a physical injury.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the economic loss rule.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, ratification, and unclean hands.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs already released, settled, entered into an accord and satisfaction with respect to, or otherwise compromised their claims against Wausau Paper.  Plaintiffs' claims are barred, in whole or in part, by prior agreement or settlement.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to comply with applicable laws, regulations, standards and/or ordinances.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

While denying Plaintiffs have stated any claim, Wausau states that any alleged damages must be reduced to the extent Plaintiffs failed to mitigate, minimize, or avoid some or all of Plaintiffs' alleged damages.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

While denying Plaintiffs have stated any claim, Wausau Paper states that any recovery for services, including medical services, to address any injuries or damages may not exceed the amounts expended or charged.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, and damages, if any, should be limited under Wisconsin law, to the extent any fault, negligence, assumption of risk, and other culpable conduct by Plaintiffs caused, proximately caused, or contributed to the alleged injuries and damages, or to the extent that the doctrines of contributory negligence, comparative fault, avoidable consequences, assumption of risk, voluntary exposure, and/or other applicable common-law or statutory doctrines apply.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the damages alleged in the Complaint were caused or contributed to, in whole or in part, by the negligence, carelessness, fault, culpable conduct, and/or want of care attributable to others over whom Wausau Paper neither had nor exercised any control.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, as moot to the extent remediation has already been completed.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the that imposing liability, in whole or in part, on Wausau Paper would violate the Due Process and/or Equal Protection provisions of the

Constitutions of the United States and/or the applicable provisions of any State whose constitutions and laws may apply.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of due process to the extent Plaintiffs rely on statistical evidence to attempt to prove the extent of alleged contamination as the use of such statistical evidence denies Wausau Paper the ability to present an adequate defense.

### FORTY-THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which punitive or exemplary damages may be awarded under Wisconsin statutory or common law.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive or exemplary damages, if any, are subject to the limitations set forth in Wis. Stat. § 895.043.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the State of Wisconsin or that of any other state whose laws may apply. Any law, statute or other authority purporting to permit the recovery of punitive or exemplary damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive or exemplary damages and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance

46

notice as to what conduct will result in punitive or exemplary damages; (3) unconstitutionally may permit recovery of punitive or exemplary damages based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) unconstitutionally may permit recovery of punitive or exemplary damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Wausau Paper; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive or exemplary damages award; (7) lacks constitutionally sufficient standards for appellate review of punitive or exemplary damages awards; (8) would unconstitutionally impose a penalty, criminal in nature, without according to Wausau Paper the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, Wisconsin, and any other state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

## <u>FORTY-SIXTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims, in whole or in part, should be dismissed to the extent that Plaintiffs lack standing. Plaintiffs' claims are barred, in whole or in part, because they lack a sufficient legal interest in groundwater to support standing.

47

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs do not own or possess the requisite legal interest in the properties at issue to assert any or all of their claims.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for alleged injuries and damages are barred, in whole or in part, because the claims are speculative and conjectural.

## FORTY-NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek to assert a claim for medical monitoring, such claims are barred, in whole or in part, because that cause of action is not cognizable under Wisconsin law.

## FIFTIETH AFFIRMATIVE DEFENSE

Plaintiffs cannot prove entitlement to damages for medical monitoring.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' request to recover attorneys' fees and expenses is barred, in whole or in part, to the extent recovery is not expressly authorized by Wisconsin or other applicable law.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of judicial estoppel.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the principles of strict liability and/or abnormally dangerous activities do not apply.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs have received or may receive some or all of the requested relief from a governmental agency, Wausau Paper asserts its entitlement to an appropriate set-off or reduction of any judgment against it.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have not suffered any cognizable harm and have not incurred any present damages caused by Wausau Paper, there is no current case or controversy and thus, Plaintiffs' claims are not ripe for adjudication.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Wausau Paper's conduct caused no physical impact to Plaintiffs' properties.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek any relief inconsistent with the applicable State or Federal regulatory schemes for addressing alleged releases of contamination.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Any liability for any injury allegedly caused in part by PFAS or related compounds allegedly released from, or relating to, the operation of the Rhinelander Paper Mill or land application of fibercake from the Rhinelander Paper Mill during the operation by Wausau Paper must be reduced where, and to the extent that, other compounds or circumstances – including releases from other facilities, or releases about which Plaintiffs do not complain – contributed to the alleged injury.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

Wausau Paper is not liable for alleged contamination where chemical compounds other than PFAS or related compounds exceed state actions levels or standards, requiring cleanup regardless of the presence of PFAS or related compounds.

## SIXTIETH AFFIRMATIVE DEFENSE

Any alleged injury, damage or loss sustained by Plaintiffs in connection with the subject matter of this action was not reasonably foreseeable.

## SIXTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' trespass claims are barred, in whole or in part, because they have neither alleged nor suffered an invasion of an exclusive possessory interest in the alleged damaged property, nor have they alleged that Wausau Paper acted with the requisite intent.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

Some or all of the injury or damages allegedly sustained by Plaintiffs were the product of conduct for which Wausau Paper cannot have liability to Plaintiffs, since it is lawfully undertaken by Wausau Paper and its predecessors in the exercise of their rights as owner(s) of real property.

## SIXTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims fail, in whole or in part, based on the doctrine of unjust enrichment. This defense includes that Plaintiffs will be unjustly enriched and/or will impermissibly double recover if Plaintiffs are awarded remediation or restoration costs for sites at which such remediation or restoration has been or is being paid. This defense also includes that Plaintiffs will be unjustly enriched by recovering costs from Wausau where a state or federal authorized fund already exists to address response action pertaining to the release or presence of PFAS or related compounds.

## SIXTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for equitable relief, if any, are barred because Plaintiffs have an adequate remedy at law.

## SIXTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Wausau Paper Corp. and Wausau Paper Mills, LLC are barred, in whole or in part, because Plaintiffs cannot satisfy the requirements of applicable law to pierce the corporate veil between these entities and any other entity against whom Plaintiffs have asserted claims in the Complaint or prior versions of the complaint.

## SIXTY-SIXTH AFFIRMATIVE DEFENSE

Wausau Paper alleges that it has satisfied, fulfilled and performed each and every obligation and duty imposed by law, if any, to the full extent of its responsibility.

## SIXTY-SEVENTH AFFIRMATIVE DEFENSE

Wausau Paper alleges that it is not liable for any other person's or entity's fair, equitable and/or proportionate share of any relief to which Plaintiffs may be entitled.

## SIXTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or diminished, in whole or in part, because at all times relevant herein, to the full extent required by law, if at all, Wausau Paper provided clear and reasonable warnings regarding the known and reasonably known potential hazards and other damages and other dangers associated with the facilities and business operations alleged in Plaintiffs' Complaint, or no warning was required.

## SIXTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Wausau Paper acted reasonably and in good faith.

## SEVENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek to retroactively impose liability for conduct that was not actionable at the time it occurred, and

Wausau Paper may not be held liable under retroactive theories not requiring proof of fault or causation.

## SEVENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they failed to join necessary and indispensable parties to this action.

## SEVENTY-SECOND AFFIRMATIVE DEFENSE

The putative class cannot be certified under the requirements of Fed. R. Civ. P. 23.

## RESERVATIONS OF DEFENSES

Wausau Paper incorporates by reference as if set forth herein in their entirety all applicable defenses set forth in the answers of all other defendants and, further, reserves the right to supplement these defenses with any additional defenses that subsequently become available during discovery or at trial. Wausau Paper reserves the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

## DEMAND FOR BIFURCATED TRIAL

If Plaintiffs are permitted to proceed to trial upon any claims for punitive or exemplary liability or damages, such claims, if any, must be bifurcated from the remaining issues.

## DEMAND FOR JURY TRIAL

Wausau Paper hereby demands a trial by jury of all issues so triable.

WHEREFORE, Wausau Paper demands judgment dismissing Plaintiffs' Complaint in its entirety, together with costs and disbursements. Wausau Paper further demands such other relief, both general and specific, at law or in equity, to which it is justly entitled.

Dated: July 18, 2025                                    Respectfully submitted,

*/s/ Paul LaFata*_____
Paul LaFata (admitted *pro hac vice*)
**DECHERT LLP**
Three Bryant Park
New York, NY 10036
Tel: (212) 698-3539
paul.lafata@dechert.com

Delanie M. Breuer (WI Bar 1085023)
**FREDRIKSON & BYRON, P.A.**
44 East Mifflin Street, Suite 1000
Madison, WI 53703
Tel: (608) 435-4260
dbreuer@fredlaw.com

*Attorneys for Wausau Paper Corp. and*
*Wausau Paper Mills, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 18, 2025 by electronically filing the foregoing document with the Clerk of Court through the CM/ECF system, a true and correct copy of the foregoing was served to all known counsel of record by notice of electronic filing.

*/s/ Paul LaFata*
Paul LaFata
