**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

LUCAS ROUGEAU, *et al.*,

               Plaintiffs,                        Case No. 3:23-CV-546

vs.

3M COMPANY, *et al.*,

               Defendants.

**DEFENDANTS AHLSTROM RHINELANDER LLC, AHLSTROM NA SPECIALTY SOLUTIONS HOLDINGS INC., AND AHLSTROM NA SPECIALTY SOLUTIONS LLC'S ANSWER TO FOURTH AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendants Ahlstrom Rhinelander LLC, Ahlstrom NA Specialty Solutions Holdings Inc., and Ahlstrom NA Specialty Solutions LLC (collectively, "the Ahlstrom Defendants"), by and through their undersigned counsel, answer the Fourth Amended Complaint (ECF No. 113) ("Complaint") as follows:[1]

## I.      SUMMARY OF THE CASE

1. The Ahlstrom Defendants deny the allegations in the second sentence of Paragraph 1 as to them. The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 1 and therefore deny the same.

2. The Ahlstrom Defendants deny the allegations in Paragraph 2 as to them. To the extent the allegations in Paragraph 2 are addressed to another Defendant, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 and therefore deny the allegations.

---

[1] All allegations contained in the Complaint that are not specifically admitted in this Answer are denied.

3.     The Ahlstrom Defendants deny the allegations in the first sentence of Paragraph 3 as to them.  The allegations in Paragraph 3 reference Exhibits A and B and purport to characterize and quote statements made in an advisory posted at Moen Lake and made by the Wisconsin Department of Health Services, Bureau of Environmental and Occupational Health in April 2024. To the extent that such statements are contained in those documents, those documents speak for themselves, and the Ahlstrom Defendants refer the Court to those documents for a full and accurate recitation of their contents. The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 3 and therefore deny the same.

4.     The Ahlstrom Defendants admit that Ahlstrom Rhinelander LLC owns and operates the Rhinelander Paper Mill.  The Ahlstrom Defendants admit that Plaintiffs have asserted claims against Wausau Paper and 3M Company.  The Ahlstrom Defendants admit that Wausau Paper was the prior owner of the Rhinelander Paper Mill.  To the extent the allegations in Paragraph 4 are addressed to another Defendant, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 and, on that basis, deny the allegations.

5.     The last sentence of Paragraph 5 purports to characterize and quote statements made by the United States EPA in cited documents dated 2016, which documents speak for themselves, and the Ahlstrom Defendants refer the Court to those documents for a full and accurate recitation of their contents. The remaining allegations in Paragraph 5 concern matters that are the proper subject of expert testimony and, on that basis, the Ahlstrom Defendants deny the remaining allegations in Paragraph 5 prior to discovery and the disclosure of any such testimony.

6.      To the extent that Paragraph 6 is directed to another company, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 and, on that basis, deny the allegations. The Ahlstrom Defendants deny the allegations of Paragraph 6 as to them.

7.      The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 and therefore deny the same.

8.      Paragraph 8 is descriptive of Plaintiffs' claims. The Ahlstrom Defendants admit that Plaintiffs seek to recover the compensatory and other damages listed in Paragraph 8. The Ahlstrom Defendants deny that Plaintiffs have suffered any damages for which the Ahlstrom Defendants are liable.

## II.      PARTIES

### A.      **PLAINTIFFS**

9.      The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 and, on that basis, deny the allegations

10.     The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 and, on that basis, deny the allegations.

11.     The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 and, on that basis, deny the allegations.

12.     The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 and therefore deny the same.

13.     The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 and therefore deny the same.

14.     The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 and therefore deny the same.

15.    The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 and therefore deny the same.

16.    The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 and therefore deny the same.

17.    The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 and therefore deny the same.

18.    The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and therefore deny the same.

19.    The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 and therefore deny the same.

20.     The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and therefore deny the same.

21.     The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and therefore deny the same.

22.    The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and therefore deny the same.

23.    The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 and therefore deny the same.

24.    The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 and therefore deny the same.

25.    The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and therefore deny the same.

26.     The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and therefore deny the same.

27.     The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 and therefore deny the same.

28.     The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 and therefore deny the same.

29.     The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 and therefore deny the same.

30.     The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 and therefore deny the same.

31.     The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 and therefore deny the same.

32.     The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 and therefore deny the same.

33.     The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 and therefore deny the same.

34.     The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 and therefore deny the same.

35.     The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 and therefore deny the same.

36.     The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 and therefore deny the same.

37.     The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 and therefore deny the same.

**B.     <u>DEFENDANTS</u>**

38.     The Ahlstrom Defendants deny that the Rhinelander Paper Mill includes the facility at 114 West Kemp Street, Rhinelander, Wisconsin 54501.  The Ahlstrom Defendants admit that Ahlstrom NA Specialty Solutions LLC owns the facility at 114 West Kemp Street, Rhinelander, Wisconsin 54501.  The Ahlstrom Defendants further admit that Ahlstrom Rhinelander LLC owns and operates the paper mill facility identified as 515 and 516 West Davenport Street, Rhinelander, Wisconsin 54501, which they refer to herein as "the Rhinelander Paper Mill."  The Ahlstrom Defendants admit that the name associated with the deed, via name change affidavit, to the land with the address 516 West Davenport Street, Rhinelander, Wisconsin 54501, is Ahlstrom-Munksjo Specialty Solutions Acquisition LLC.  Defendant Ahlstrom Rhinelander LLC admits that it has a single member, Ahlstrom NA Specialty Solutions LLC.  Ahlstrom NA Specialty Solutions LLC admits that it has a single member, Ahlstrom NA Specialty Solutions Holdings Inc.  Ahlstrom NA Specialty Solutions Holdings Inc. admits that it is a Delaware Corporation with its registered place of business in Connecticut. The last two sentences of Paragraph 38 call for legal conclusions to which a response is not required.  To the extent a response is required, the Ahlstrom Defendants admit that each is a citizen of Delaware and Connecticut and state that they lack knowledge or information sufficient to form a belief as to whether they are the "primary defendants" in this action.  The Ahlstrom Defendants deny the remaining allegations of Paragraph 38.

39.     To the extent that allegations in Paragraph 39 are directed to another company, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of those allegations in Paragraph 39 and therefore deny the same. The Ahlstrom Defendants

deny that any of the Ahlstrom Defendants or Expera Specialty Solutions, LLC used PFAS products manufactured by 3M or BASF at the Rhinelander Paper Mill.

40.     The Ahlstrom Defendants deny the allegations in Paragraph 40.

41.     The allegations in Paragraph 41 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 and therefore deny the same, except that they admit that pursuant to the 2013 Asset Purchase Agreement all non-assumed liabilities, including those arising from pre-closing operations, were retained by the prior owner and/or operator of the Rhinelander Paper Mill.

42.     The Ahlstrom Defendants admit that Wausau Paper Corp. and Wausau Paper Mills, LLC sold the Rhinelander Paper Mill to Specialty Papers Acquisition LLC  pursuant to an Asset Purchase Agreement dated May 18, 2013, which transaction closed on June 26, 2013. Ahlstrom Rhinelander LLC admits that it currently owns the Rhinelander Paper Mill. The Ahlstrom Defendants deny the remaining allegations in Paragraph 42.

43.     The allegations in Paragraph 43 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent that a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43.

44.     The allegations in Paragraph 44 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent that a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations in Paragraph 44 and therefore deny the same.

45.    The allegations in Paragraph 45 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent that a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45, except that they deny that any of the Ahlstrom Defendants or Expera Specialty Solutions, LLC  purchased or used any PFOA or PFOS or any PFAS products manufactured by 3M at the Rhinelander Paper Mill.

46.    The allegations in Paragraph 46 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required. To the extent that a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 and therefore deny the same.

### III.    JURISDICTION & VENUE

47.    To the extent that the allegations in Paragraph 47 are directed at another company, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third, fourth and sixth sentences of Paragraph 47.  The remaining allegations in Paragraph 47 are legal conclusions to which no responsive pleading is required.  To the extent that a response is required,  the Ahlstrom Defendants admit that each is a citizen of Delaware and Connecticut, and that Plaintiffs assert jurisdiction pursuant to 28 U.S.C. § 1332(d).

48.     Paragraph 48 alleges legal conclusions to which no responsive pleading is required. To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, deny the allegations in Paragraph 48.

## IV.     FACTUAL ALLEGATIONS

49.     The Ahlstrom Defendants admit on information and belief that PFOA and PFOS are a type of perfluoroalkyl substances (PFAS).  The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 49 and, on that basis, deny the allegations.

50.     The Ahlstrom Defendants admit on information and belief that PFOA and PFOS are man-made chemicals.  The remaining allegations in Paragraph 50 concern matters that are the proper subject of expert testimony and, on that basis, the Ahlstrom Defendants deny the remaining allegations in Paragraph 50 prior to discovery and the disclosure of any such testimony.

51.     Paragraph 51 concerns matters that are the proper subject of expert testimony and, on that basis, the Ahlstrom Defendants deny the allegations in Paragraph 51 prior to discovery and the disclosure of any such testimony.

52.     The allegations in the last sentence of Paragraph 52 purport to characterize statements made by the EPA regarding the health effects of PFOA and PFOS, and the Ahlstrom Defendants refer the Court to those sources for a full and accurate recitation of their contents.  The remaining allegations in Paragraph 52 concern matters that are the proper subject of expert testimony and, on that basis, the Ahlstrom Defendants deny the allegations in Paragraph 52 prior to discovery and the disclosure of any such testimony.

53.     The allegations in Paragraph 53 purport to reference and characterize an EPA Fact Sheet.  To the extent that such statements are contained in that document, the document speaks for itself, and the Ahlstrom Defendants refer the Court to the document for a full and accurate recitation of its contents.  The remaining allegations in Paragraph 53 concern matters that are the proper subject of expert testimony and, on that basis, the Ahlstrom Defendants deny the allegations in Paragraph 53 prior to discovery and the disclosure of any such testimony.

54.     The allegations in Paragraph 54 purport to reference and characterize an EPA Technical Fact Sheet.  To the extent that such statements are contained in that document, the document speaks for itself, and the Ahlstrom Defendants refer the Court to the document for a full and accurate recitation of its contents.  The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 54 and therefore deny the same.

55.     The allegations in Paragraph 55 purport to reference and characterize an EPA proposed regulation.  To the extent that such statements are contained in that document, the document speaks for itself, and the Ahlstrom Defendants refer the Court to the document for a full and accurate recitation of its contents.  The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 55 and therefore deny the same.

56.     The allegations in Paragraph 56 purport to reference and characterize an EPA Final Rule.  To the extent that such statements are contained in that document, the document speaks for itself, and the Ahlstrom Defendants refer the Court to the document for a full and accurate recitation of its contents.  The Ahlstrom Defendants lack knowledge or information sufficient to

form a belief as to the truth or falsity of the remaining allegations in Paragraph 56 and therefore deny the same.

57.     Paragraph 57 concerns matters that are the proper subject of expert testimony and, on that basis, the Ahlstrom Defendants deny the allegations in Paragraph 57 prior to discovery and the disclosure of any such testimony.  The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 57 and therefore deny the same.

58.     Paragraph 58 concerns matters that are the proper subject of expert testimony and, on that basis, the Ahlstrom Defendants deny the allegations in Paragraph 58 prior to discovery and the disclosure of any such testimony.  The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 58 and therefore deny the same.

59.     The allegations in Paragraph 59 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required. To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59 and therefore deny the same.

60.     The Ahlstrom Defendants deny the allegations in Paragraph 60 as to them.  To the extent the allegations in Paragraph 60 are addressed to another company, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60 and therefore deny the same.

61.     The allegations in Paragraph 61 purport to reference and characterize data published by 3M.  To the extent that such statements are contained in the cited document, the document speaks for itself, and the Ahlstrom Defendants refer the Court to the document for a full

and accurate recitation of its contents.  The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 61 and therefore deny the same.

62.    The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 and therefore deny the same.

63.    The allegations in Paragraph 63 purport to reference and characterize a 3M internal memo.  To the extent that such statements are contained in the document, the document speaks for itself, and the Ahlstrom Defendants refer the Court to the document for a full and accurate recitation of its contents.  The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 63 and therefore deny the same.

64.    The allegations in Paragraph 64 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64 and therefore deny the same.

65.    The allegations in Paragraph 65 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65 and therefore deny the same, except that the Ahlstrom Defendants deny that any of the Ahlstrom Defendants or Expera Specialty Solutions, LLC purchased PFOA-containing fluorochemical products from BASF or PFOS-containing fluorochemical products from 3M for use at the Rhinelander Paper Mill.

66.     The allegations in Paragraph 66 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66 and therefore deny the same. The Ahlstrom Defendants deny the remaining allegations in Paragraph 66 as to them.

67.     On information and belief, the Ahlstrom Defendants admit that the Rhinelander Paper Mill was established in approximately 1903.  The second sentence of Paragraph 67 is not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 67 and therefore deny the same.  The Ahlstrom Defendants admit that Wausau Paper Corp. and Wausau Paper Mills, LLC sold the Rhinelander Paper Mill to Specialty Papers Acquisition LLC  pursuant to an Asset Purchase Agreement dated May 18, 2013, which transaction closed June 26, 2013 (the "2013 Transaction"), and that all non-assumed liabilities, including those arising from pre-closing operations, were retained by the prior owner and/or operator of the Rhinelander Paper Mill pursuant to the 2013 Transaction. The Ahlstrom Defendants deny the remaining allegations in Paragraph 67 as to them.

68.     The Ahlstrom Defendants admit that the Wisconsin Department of Natural Resources (DNR) regulates the spreading of paper mill sludge and issues permits to companies that participate in landspreading.  The allegations in the second sentence of Paragraph 68 purport to characterize the DNR's landspreading regulations, and the Ahlstrom Defendants refer the Court to those regulations for a full and accurate recitation of their contents.  The allegations in the last sentence of Paragraph 68 concern matters that are the proper subject of expert testimony and, on

that basis, the Ahlstrom Defendants deny those allegations prior to discovery and the disclosure of any such testimony.

69.     To the extent that the allegations in Paragraph 69 are not addressed to the Ahlstrom Defendants, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants admit that the Rhinelander Paper Mill made paper mill sludge available to certain landowners in Oneida County at certain times after June 26, 2013, in accordance with Wis. Admin. Code ch. NR 214, and, at certain times after June 26, 2013, provided Landspreading Management Plans and Annual Land Application Reports to the Wisconsin Department of Natural Resources identifying the requisite chemical characteristics of its sludge.  The Ahlstrom Defendants deny the remaining allegations in Paragraph 69 as to them and deny that the sludge from the Rhinelander Paper Mill after June 26, 2013 contained elevated and dangerous concentrations of PFAS chemicals.

70.     To the extent the allegations in Paragraph 70 are addressed to another company, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70 and therefore deny the allegations.  The allegations in Paragraph 70 reference and purport to characterize Annual Land Application Reports, which documents speak for themselves, and the Ahlstrom Defendants refer the Court to those documents for a full and accurate recitation of their contents.  The Ahlstrom Defendants admit that pursuant to Wis. Admin. Code ch. NR 214, at certain times after June 26, 2013, the Rhinelander Paper Mill made paper mill sludge available as a soil conditioner to certain landowners in Oneida County for land application.  The Ahlstrom Defendants deny the remaining allegations in Paragraph 70 as to the Ahlstrom Defendants and deny that there were PFAS-related dangers with land application of sludge from the Rhinelander Paper Mill after June 26, 2013.

71.     The Ahlstrom Defendants deny the allegations in Paragraph 71 as to them.  To the extent the allegations in Paragraph 71 are addressed to another company, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71 and therefore deny the allegations.

72.     To the extent the allegations in Paragraph 72 are addressed to another company, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72 and therefore deny the allegations.  The Ahlstrom Defendants admit that at certain times after June 26, 2013 the Rhinelander Paper Mill made paper mill sludge available to certain landowners in Oneida County in accordance with Wis. Admin. Code ch. NR 214 and that, at certain times after June 26, 2013, the Rhinelander Paper Mill provided Landspreading Management Plans and Annual Land Application Reports to the Wisconsin Department of Natural Resources identifying the requisite chemical characteristics of its sludge.  The Ahlstrom Defendants deny the remaining allegations in Paragraph 72 as to the Ahlstrom Defendants and deny that the sludge from the Rhinelander Paper Mill after June 26, 2013 contained dangerous concentrations of PFAS chemicals.

73.     To the extent the allegations in Paragraph 73 are addressed to another company, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73 and therefore deny the allegations. The Ahlstrom Defendants admit that Ahlstrom Rhinelander LLC owns and operates the Rhinelander Paper Mill. The Ahlstrom Defendants admit that Wausau Paper Corp. and Wausau Paper Mills, LLC sold the Rhinelander Paper Mill to Specialty Papers Acquisition LLC pursuant to an Asset Purchase Agreement dated May 18, 2013, which  transaction closed June 26, 2013. The Ahlstrom Defendants further admit that, on or about July 23, 2018, Specialty Papers Holdings, L.P. entered

into a Stock Purchase Agreement with Ahlstrom-Munksjö USA Inc. (Buyer), pursuant to which Ahlstrom-Munksjö USA Inc. purchased all of the shares that Specialty Papers Holdings, L.P. held in Expera Specialty Solutions Holdings, Inc.  The Ahlstrom Defendants admit that pursuant to the 2013 Transaction all non-assumed liabilities, including those arising from pre-closing operations, were retained by the prior owner and/or operator of the Rhinelander Paper Mill.  The last two sentences of Paragraph 73 allege legal conclusions to which no responsive pleading is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the last two sentences of Paragraph 73 that are directed to another company and deny the allegations as to the Ahlstrom Defendants.  The Ahlstrom Defendants deny the remaining allegations in Paragraph 73.

74.     The Ahlstrom Defendants deny the allegations in Paragraph 74 as to them.  The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74 that are directed to another company and therefore deny the same.

75.     The allegations in Paragraph 75 call for a legal conclusion to which no response is required.  To the extent that a response is required, the Ahlstrom Defendants deny the allegations in Paragraph 75 as to them and lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75 that are directed to another company and therefore deny the same.

76.     The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 and therefore deny the same.

77.     The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77 and therefore deny the same.

78.    Paragraph 78 alleges legal conclusions to which no responsive pleading is required. To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78 and therefore deny the same.

79.    The Ahlstrom Defendants deny the allegations in Paragraph 79 as to them.  The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79 that are directed to another company and therefore deny the same.

80.    The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80 and therefore deny the allegations.

81.    Paragraph 81 is descriptive of Plaintiffs' claims and alleges legal conclusions to which no responsive pleading is required. To the extent any response is required, the Ahlstrom Defendants admit that Plaintiffs seek certain damages, deny that Plaintiffs are entitled to any such relief, and deny the remaining allegations in Paragraph 81.

**CLASS ACTION ALLEGATIONS**

82.    Paragraph 82 is descriptive of Plaintiffs' claims and alleges legal conclusions to which no responsive pleading is required.  To the extent a response is required, the Ahlstrom Defendants admit that Plaintiffs have pled this case as a putative class action, deny that class certification is appropriate, and deny the remaining allegations in Paragraph 82.

83.    Paragraph 83 is descriptive of Plaintiffs' claims and, as such, no responsive pleading is required.  To the extent a response is required, the Ahlstrom Defendants admit that the Rhinelander Paper Mill made paper mill sludge available to certain landowners in Oneida County

at certain times after June 26, 2013 in accordance with Wis. Admin. Code ch. NR 214, deny that class certification is appropriate, and deny the remaining allegations in Paragraph 83.

84.     Paragraph 84 is descriptive of Plaintiffs' claims and, as such, no responsive pleading is required.  To the extent a response is required, the Ahlstrom Defendants admit that the Rhinelander Paper Mill made paper mill sludge available to certain landowners in Oneida County at certain times after June 26, 2013, in accordance with Wis. Admin. Code ch. NR 214, deny that class certification is appropriate, and deny the remaining allegations in Paragraph 84.

85.     The Ahlstrom Defendants admit that Plaintiffs have pled this case as a putative class action, deny that class certification is appropriate, and deny the remaining allegations in Paragraph 85.

86.     The Ahlstrom Defendants admit that Plaintiffs have pled this case as a putative class action, deny that class certification is appropriate, and deny the remaining allegations in Paragraph 86.

87.     Paragraph 87 alleges legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the Ahlstrom Defendants deny the allegations in Paragraph 87.

88.     Paragraph 88 alleges legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the Ahlstrom Defendants deny the allegations in Paragraph 88.

89.     Paragraph 89 alleges legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the Ahlstrom Defendants deny the allegations in Paragraph 89.

90.     Paragraph 90 alleges legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the Ahlstrom Defendants deny the allegations in Paragraph 90.

91.     Paragraph 91 alleges legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91 and, on that basis, deny the allegations.

92.     Paragraph 92 alleges legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is required, the Ahlstrom Defendants deny the allegations in Paragraph 92.

## VI.     FIRST CAUSE OF ACTION
### Class and Individual Claims for Strict Liability - Design Defect and/or Defective Product (against 3M, BASF Corporation & John Doe Defendants)

93.     The Ahlstrom Defendants reallege and reaffirm each and every answer set forth in response to the preceding paragraphs as if fully restated in this section.

94.     The allegations in Paragraph 94 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94 and therefore deny the same.

95.     The allegations in Paragraph 95 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 95 and therefore deny the same.

96.     The allegations in Paragraph 96 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent

a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96 and therefore deny the same, except that they deny that any of the Ahlstrom Defendants or Expera Specialty Solutions, LLC purchased or used any PFOA or PFOS or any PFAS products manufactured by 3M or BASF at the Rhinelander Paper Mill.

97.    The allegations in Paragraph 97 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97 and therefore deny the same.

98.    The allegations in Paragraph 98 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98 and therefore deny the same.

99.    The allegations in Paragraph 99 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 99, except that the Ahlstrom Defendants deny that they or Expera Specialty Solutions, LLC purchased any PFAS Products from 3M or BASF for use at the Rhinelander Paper Mill.

100.    The allegations in Paragraph 100 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required,  the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 100 and therefore deny the same.

101.    The allegations in Paragraph 101 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 101 and therefore deny the same.

102.    The allegations in Paragraph 102 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 102 and therefore deny the same.

103.    The allegations in Paragraph 103 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 103 and therefore deny the same.

104.    The allegations in Paragraph 104 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 104 and therefore deny the same.

105.    The allegations in Paragraph 105 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 105 and therefore deny the same.

106.    The allegations in Paragraph 106 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form

a belief as to the truth or falsity of the allegations in Paragraph 106 and therefore deny the same.

107.    The allegations in Paragraph 107 are not addressed to the Ahlstrom Defendants and call for a legal conclusion, and as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 107 and therefore deny the same.

108.    The allegations in Paragraph 108 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 108 and therefore deny the same.

109.    The allegations in Paragraph 109 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 109 and therefore deny the same.

## VII.    SECOND CAUSE OF ACTION
### Class and Individual Claims for Strict Liability - Failure to Warn / Inadequate Instructions or Warnings (against 3M, BASF, and John Doe Defendants)

110.    The Ahlstrom Defendants reallege and reaffirm the answers to the allegations set forth in response to all preceding paragraphs as if fully set forth in this section.

111.    The allegations in Paragraph 111 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 111, except that the Ahlstrom Defendants deny that 3M or BASF sold or distributed PFAS products to the Ahlstrom Defendants or Expera Specialty Solutions, LLC for use at the Rhinelander Paper Mill.

112.    The allegations in Paragraph 112 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 112, except that the Ahlstrom Defendants deny that 3M or BASF supplied or delivered PFAS products to the Ahlstrom Defendants or Expera Specialty Solutions, LLC for use at the Rhinelander Paper Mill.

113.    The allegations in Paragraph 113 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 113 and therefore deny the same.

114.    The allegations in Paragraph 114 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 114 and therefore deny the same.

115.    The allegations in Paragraph 115 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 115 and therefore deny the same.

116.    The allegations in Paragraph 116 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 116 and therefore deny the same.

117.    The allegations in Paragraph 117 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 117 and therefore deny the same.

118.    The allegations in Paragraph 118 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 118 and therefore deny the same.

119.    The allegations in Paragraph 119 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 119 and therefore deny the same.

120.    The allegations in Paragraph 120 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 120 and therefore deny the same.

121.    The allegations in Paragraph 121 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 121 and therefore deny the same.

122.    The allegations in Paragraph 122 are not addressed to the Ahlstrom Defendants and call for a legal conclusion, and as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 122 and therefore deny the same.

123.     The allegations in Paragraph 123 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 123 and therefore deny the same.

124.     The allegations in Paragraph 124 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 124 and therefore deny the same.

## VIII.   THIRD CAUSE OF ACTION
### Class and Individual Claims for Negligence Resulting in Property Damage
### (ALL DEFENDANTS)

125.     The Ahlstrom Defendants reallege and reaffirm the answers to the allegations set forth in response to all preceding paragraphs as if fully set forth in this section.

126.     The Ahlstrom Defendants deny the allegations in Paragraph 126 as to them. The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 126 that are directed to another company and therefore deny the same.

127.     Paragraph 127 alleges legal conclusions to which no responsive pleading is required. To the extent a response is required, the Ahlstrom Defendants deny the allegations in Paragraph 127.

128.     The Ahlstrom Defendants deny the allegations in Paragraph 128 as to them. The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 128 that are directed to another company and therefore deny the same.

129.    The Ahlstrom Defendants deny the allegations in Paragraph 129 as to them.  To the extent the allegations in Paragraph 129 are addressed to another company, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 129 and therefore deny the same.

130.    The allegations in Paragraph 130 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 130 and therefore deny the same.

131.    To the extent the allegations in Paragraph 131 are addressed to another company, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 131.  The Ahlstrom Defendants admit that pursuant to Wis. Admin. Code ch. NR 214, at certain times after June 26, 2013, the Rhinelander Paper Mill made paper mill sludge available as a soil conditioner to certain landowners in Oneida County for land application.  The Ahlstrom Defendants deny the remaining allegations as to them and deny that they or Expera Specialty Solutions, LLC purchased any PFAS products from 3M or BASF for use at the Rhinelander Paper Mill.

132.    The Ahlstrom Defendants admit that pursuant to Wis. Admin. Code ch. NR 214 the Rhinelander Paper Mill, at certain times after June 26, 2013, made paper mill sludge available as a soil conditioner to certain landowners in Oneida County for land application. The Ahlstrom Defendants deny the remaining allegations in Paragraph 132 as to them.  To the extent the allegations in Paragraph 132 are addressed to another company, the Ahlstrom Defendants lack

26

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 132.

133.    The Ahlstrom Defendants admit that the Rhinelander Paper Mill,  at certain times after June 26, 2013, made paper mill sludge available as a soil conditioner to certain landowners in Oneida County for land application in accordance with Wis. Admin. Code ch. NR 214.  The Ahlstrom Defendants deny the remaining allegations in Paragraph 133 as to them and , deny that they or Expera Specialty Solutions, LLC purchased PFOA or PFOS, or any PFAS products from 3M or BASF, for use at the Rhinelander Paper Mill.  To the extent the allegations in Paragraph 133 are addressed to another company, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 133 and therefore deny the allegations.

134.    The allegations in paragraph 134 call for a legal conclusion to which no response is required.  To the extent a response is required, the Ahlstrom Defendants deny the allegations in Paragraph 134 as to them. The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 134 that are directed to another company and therefore deny the same.

135.    The allegations in paragraph 135 call for a legal conclusion to which no response is required.  To the extent a response is required, the Ahlstrom Defendants deny the allegations in Paragraph 135 as to them. The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 135 that are directed to another company and therefore deny the same.

136.    The allegations in paragraph 136 call for a legal conclusion to which no response is required.  To the extent a response is required, the Ahlstrom Defendants deny the allegations in

Paragraph 136 as to them.  The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 136 that are directed to another company and therefore deny the same.

137.    Paragraph 137 alleges legal conclusions to which no responsive pleading is required. To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 137 that are directed to another company and therefore deny the same.  The Ahlstrom Defendants deny the allegations in Paragraph 137 as to them.

138.    The Ahlstrom Defendants deny the allegations in Paragraph 138 as to them. The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 138 that are directed to another company and therefore deny the same.

139.    The Ahlstrom Defendants deny the allegations in Paragraph 139 as to them. The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 139 that are directed to another company and therefore deny the same.

### IX.    FOURTH CAUSE OF ACTION
### Class and Individual Claims for Private Nuisance
### (All Defendants)

140.    The Ahlstrom Defendants reallege and reaffirm the answers to the allegations set forth in response to all preceding paragraphs as if fully set forth in this section.

141.    The Ahlstrom Defendants deny the allegations in Paragraph 141 as to them. The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 141 that are directed to another company and therefore deny the same.

142.    The allegations in paragraph 142 call for a legal conclusion to which no response is required.  To the extent a response is required, the Ahlstrom Defendants deny the allegations in Paragraph 142 as to them. The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 142 that are directed to another company and therefore deny the same.

143.    The allegations in paragraph 143 call for a legal conclusion to which no response is required.  To the extent a response is required, the Ahlstrom Defendants deny the allegations in Paragraph 143 as to them. The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 143 that are directed to another company and therefore deny the same.

144.    Paragraph 144 alleges legal conclusions to which no responsive pleading is required. To the extent a response is required, the Ahlstrom Defendants deny the allegations in Paragraph 144 as to them.  The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 144 that are directed to another company and therefore deny the same.

145.    The Ahlstrom Defendants deny the allegations in Paragraph 145 as to them. The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 145 that are directed to another company and therefore deny the same.

146.    The Ahlstrom Defendants deny the allegations in Paragraph 146 as to them. The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 146 that are directed to another company and therefore deny the same.

## X.    FIFTH CAUSE OF ACTION
### Class and Individual Claims for Trespass
### (All Defendants)

147.    The Ahlstrom Defendants reallege and reaffirm the answers to the allegations set forth in response to all preceding paragraphs as if fully set forth in this section.

148.    The Ahlstrom Defendants deny the allegations in Paragraph 148 as to them. The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 148 that are directed to another company and therefore deny the same.

149.    The Ahlstrom Defendants deny the allegations in Paragraph 149 as to them.  The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 149 that are directed to another company and therefore deny the same.

150.    The Ahlstrom Defendants deny the allegations in Paragraph 150 as to them. The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 150 that are directed to another company and therefore deny the same.

151.    Paragraph 151 alleges legal conclusions to which no responsive pleading is required. To the extent a response is required, the Ahlstrom Defendants deny the allegations in Paragraph 151 as to them. The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 151 that are directed to another company and therefore deny the same.

152.    Paragraph 152 alleges legal conclusions to which no responsive pleading is required. To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 152

that are directed to another company and therefore deny the same. The Ahlstrom Defendants deny the allegations in Paragraph 152 as to them.

153.    The Ahlstrom Defendants deny the allegations in Paragraph 153 as to them. The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 153 that are directed to another company and therefore deny the same.

154.    The Ahlstrom Defendants deny the allegations in Paragraph 154 as to them. The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 154 that are directed to another company and therefore deny the same.

## XI.    SIXTH CAUSE OF ACTION
### Class and Individual Claims for Strict Liability – Abnormally Dangerous
### (Ahlstrom and Wausau Paper Defendants– Paper Mill Defendants)

155.    The Ahlstrom Defendants reallege and reaffirm the answers to the allegations set forth in response to all preceding paragraphs as if fully set forth in this section.

156.    The Ahlstrom Defendants deny the allegations in Paragraph 156.

157.    To the extent that the allegations in Paragraph 157 are directed to another company, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 157 and therefore deny the same. The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the seventh sentence of Paragraph 157, which does not identify any specific users, and therefore deny those allegations. The Ahlstrom Defendants admit that the Rhinelander Paper Mill planned to phase out use of any PFAS in papermaking processes by the end of 2023 and did so. The allegations in the ninth sentence in Paragraph 157 purport to characterize a public announcement, and the Ahlstrom Defendants refer the Court to that announcement for a full and

accurate recitation of its contents.  The Ahlstrom Defendants deny the remaining allegations in Paragraph 157 as to them.

158.    The Ahlstrom Defendants deny the allegations in Paragraph 158.

159.    The Ahlstrom Defendants deny the allegations in Paragraph 159.

160.    The Ahlstrom Defendants deny the allegations in Paragraph 160.

161.    Paragraph 161 alleges legal conclusions to which no responsive pleading is required. To the extent a response is required, the Ahlstrom Defendants deny the allegations in Paragraph 161 as to them.  The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 161 that are directed to another company and therefore deny the same.

162.    Paragraph 162 alleges legal conclusions to which no responsive pleading is required. To the extent a response is required, the Ahlstrom Defendants deny the allegations in Paragraph 162 as to them.  The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 162 that are directed to another company and therefore deny the same.

163.    Paragraph 163 alleges legal conclusions to which no responsive pleading is required. To the extent a response is required, the Ahlstrom Defendants deny the allegations in Paragraph 163 as to them.  The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 163 that are directed to another company and therefore deny the same.

164.    The Ahlstrom Defendants deny the allegations in Paragraph 164 as to them.  The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 164 that are directed to another company and therefore deny the same.

165.    The Ahlstrom Defendants deny the allegations in Paragraph 165 as to them.  The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 165 that are directed to another company and therefore deny the same.

## XXI. SEVENTH CAUSE OF ACTION
### Sludge Application Subclass Claim for Unjust Enrichment
### (Ahlstrom and Wausau Paper Defendants- Paper Mill Defendants)

166.    The Ahlstrom Defendants reallege and reaffirm the answers to the allegations set forth in response to all preceding paragraphs as if fully set forth in this section.

167.    The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 167 and, on that basis, deny the allegations as to the Ahlstrom Defendants.  To the extent that the allegations in Paragraph 167 are directed to another company, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 167 and deny the allegations.

168.    The Ahlstrom Defendants admit that at certain times after June 26, 2013, the Rhinelander Paper Mill provided information about the potential use of sludge as a fertilizer. The Ahlstrom Defendants deny the remaining allegations in Paragraph 168 as to the Ahlstrom Defendants.  To the extent the allegations in Paragraph 168 are directed to another company, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 168 and deny the allegations.

169.    The Ahlstrom Defendants deny the allegations in Paragraph 169 as to them.  To the extent the allegations are directed to another company, the Ahlstrom Defendants lack knowledge

or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 169 and therefore deny the same.

170.   The Ahlstrom Defendants deny the allegations in Paragraph 170 as to them and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 170 directed to another company and therefore deny the same.

171.   To the extent the allegations in Paragraph 171 are directed to another company, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 171 and deny the allegations.  The Ahlstrom Defendants state that pursuant to Wis. Admin. Code ch. NR 214 the Rhinelander Paper Mill at certain times after June 26, 2013, provided Landspreading Management Plans and Annual Land Application Reports to the Wisconsin Department of Natural Resources reflecting the requisite chemical characteristics of its sludge and deny any regulatory or other obligation to provide other chemical-related information. The Ahlstrom Defendants deny the remaining allegations in Paragraph 171 as to them.

172.   The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 172 and therefore deny the same.

173.   The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 173 and therefore deny the allegations as to them. To the extent the allegations in Paragraph 173 are directed to another company, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 173 and therefore deny the same.

## XXII. INDIVIDUAL CLAIMS
### For Negligence Resulting in Personal Injury Damage
### (ALL DEFENDANTS)

174.    The Ahlstrom Defendants reallege and reaffirm the answers to the allegations set forth in response to all preceding paragraphs as if fully set forth in this section.

175.    Paragraph 175 contains a legal conclusion to which no response is required. To the extent a response is required, the Ahlstrom Defendants deny the allegations in Paragraph 175 as to them. To the extent the allegations in Paragraph 175 are directed to another company, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 175 and deny the allegations.

176.    Paragraph 176 contains a legal conclusion to which no response is required. To the extent a response is otherwise required, the Ahlstrom Defendants deny the allegations in Paragraph 176.

177.    Paragraph 177 contains a legal conclusion to which no response is required. To the extent a response is required, the Ahlstrom Defendants deny the allegations in Paragraph 177 as to them. The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 177 that are directed to another company and therefore deny the same.

178.    The Ahlstrom Defendants deny the allegations in Paragraph 178 as to them. The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 178 that are directed to another company and therefore deny the same.

179.    The allegations of Paragraph 179 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient

to form a belief as to the truth or falsity of the allegations in Paragraph 179 and therefore deny the same.

180.    The allegations of Paragraph 180 are not addressed to the Ahlstrom Defendants and, as such, no responsive pleading on the part of the Ahlstrom Defendants is required.  To the extent a response is required, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 180 and therefore deny the same, except that the Ahlstrom Defendants deny that they or Expera Specialty Solutions, LLC purchased PFOA, PFOS or any PFAS products from 3M or BASF for use at the Rhinelander Paper Mill.

181.    The Ahlstrom Defendants admit that pursuant to Wis. Admin. Code ch. NR 214, at certain times after June 26, 2013, the Rhinelander Paper Mill made paper mill sludge available as a soil conditioner to certain landowners in Oneida County for land application. The Ahlstrom Defendants deny the remaining allegations in Paragraph 181 as to them.  To the extent the allegations in Paragraph 181 are addressed to another company, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 181 and therefore deny the same.

182.    The Ahlstrom Defendants admit that at certain times after June 26, 2013, the Rhinelander Paper Mill made paper mill sludge available as a soil conditioner to certain landowners in Oneida County for land application in accordance with Wis. Admin. Code ch. NR 214, and deny the remaining allegations in Paragraph 182 as to them.  To the extent the remaining allegations in Paragraph 182 are addressed to another company, the Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 182 and therefore deny the allegations.

183.    Paragraph 183 contains a legal conclusion to which no response is required. To the extent a response is required, the Ahlstrom Defendants deny the allegations in Paragraph 183 as to them.  The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 183 that are directed to another company and therefore deny the same.

184.    Paragraph 184 contains a legal conclusion to which no response is required. To the extent a response is required, the Ahlstrom Defendants deny the allegations in Paragraph 184 as to them.  The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 184, including allegations that are directed to another company, and therefore deny the same.

185.    Paragraph 185 contains a legal conclusion to which no response is required. To the extent a response is required, the Ahlstrom Defendants deny the allegations in Paragraph 185 as to them.  The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 185 that are directed to another company and therefore deny the same.

186.    Paragraph 186 contains a legal conclusion to which no response is required. To the extent a response is required, the Ahlstrom Defendants deny the allegations in Paragraph 186 as to them.  The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 186 that are directed to another company and therefore deny the same.

187.    The Ahlstrom Defendants deny the allegations in Paragraph 187 as to them. The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 187 that are directed to another company and therefore deny the same.

188.    The Ahlstrom Defendants deny the allegations in Paragraph 188 as to them. The Ahlstrom Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 188 that are directed to another company and therefore deny the same.

<u>**PRAYER FOR RELIEF AND JURY TRIAL DEMAND**</u>

The remainder of the Fourth Amended Complaint consists of a prayer for relief, as to which no response is required.  To the extent a response is required, the Ahlstrom Defendants deny any remaining allegations in the Fourth Amended Complaint and deny that Plaintiffs are entitled to any relief against the Ahlstrom Defendants.  The Ahlstrom Defendants deny any allegations not expressly admitted above.

<u>**AFFIRMATIVE DEFENSES**</u>

The Ahlstrom Defendants set forth the following Affirmative Defenses that they may assert based on the facts alleged in the action or based on further discovery of additional facts. The Ahlstrom Defendants do not assume any burden of proof not otherwise required by law, and undertake the burden of proof only as to those defenses deemed "Affirmative" Defenses by law, regardless of how such defenses are denominated herein. The Ahlstrom Defendants reserve the right to assert further defenses that may become apparent in the court of discovery.

**FIRST AFFIRMATIVE DEFENSE**

The Fourth Amended Complaint, and each cause of action or count alleged therein, fails to allege facts sufficient to state a claim upon which relief can be granted against the Ahlstrom Defendants.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, repose, and/or the equitable defenses of laches.

## THIRD AFFIRMATIVE DEFENSE

The Ahlstrom Defendants are not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

## FOURTH AFFIRMATIVE DEFENSE

While the Ahlstrom Defendants deny that any liability and damages exist, to the extent that any liability and damages are found to exist, it is entitled to apportionment of liability pursuant to Wis. Stat. 895.045.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs or putative class members lack standing to bring some or all of their claims.

## SIXTH AFFIRMATIVE DEFENSE

The claims of the representative parties do not raise questions of law or fact common to the questions of law or fact raised by the claims of each member of the purported class, and any factual and legal issues that are common do not predominate over individualized issues.

## SEVENTH AFFIRMATIVE DEFENSE

The claims of the representative parties are not typical of the claims of each member of the purported class.

## EIGHTH AFFIRMATIVE DEFENSE

The representative parties cannot fairly and adequately protect and represent the interests of each member of the purported class.

### NINTH AFFIRMATIVE DEFENSE

No class can be certified because none of the criteria of Federal Rule of Civil Procedure 23(b) has been or can be satisfied.

### TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs or putative class members have split their claims, Plaintiffs' or putative class members' claims are barred in whole, or in part, by the doctrine prohibiting claim splitting.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, of Plaintiffs and putative class members, were proximately caused or contributed to by persons or entities other than the Ahlstrom Defendants, including intervening and/or superseding acts or omissions of such persons or entities, or were otherwise not proximately caused by the acts or omissions of the Ahlstrom Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

Any costs alleged to be incurred in the future may not be recovered as they are remote, speculative, and contingent.

### THIRTEENTH AFFIRMATIVE DEFENSE

The relief that Plaintiffs seek, in whole or in part, violates the Ahlstrom Defendants' constitutional due process rights.

### FOURTEENTH AFFIRMATIVE DEFENSE

While the Ahlstrom Defendants deny that any liability and damages exist, to the extent that any liability and damages are found to exist, the Ahlstrom Defendants are not responsible for liability and damages arising from alleged conduct pre-dating the acquisition of the Rhinelander

Paper Mill in 2018 and/or for liability and damages arising from alleged operations and conduct pre-dating the June 26, 2013 closing of the May 18, 2013 asset purchase agreement involving the Rhinelander Paper Mill, entitled the "Asset Purchase Agreement by and among Specialty Papers Acquisition, LLC, Wausau Paper Mills, LLC, Wausau Paper Corp., and Solely with respect to Section 13.19 Specialty Papers Intermediate Holdings, Inc. and Specialty Paper Holdings, L.P.," which agreement states, in part, that "the Buyer shall not assume or in any way be responsible for any liabilities of the Seller or any of its Affiliates including," among other things, "all Liabilities of the Seller or any of its Affiliates that are not Assumed Liabilities" expressly set forth in Section 2.3.

### FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs' claims, as well as some or all of the claims of those persons Plaintiffs purport to represent, are barred by the state-of-the-art doctrine.

### SIXTEENTH AFFIRMATIVE DEFENSE

While the Ahlstrom Defendants deny that any nuisance exists, to the extent that any nuisance is found to exist, some or all of the Plaintiffs' claims, as well as some or all of the claims of those persons Plaintiffs purport to represent, are barred by the doctrine of coming-to-the-nuisance doctrine.

### SEVENTEETH AFFIRMATIVE DEFENSE

Some or all of the claims made by the Plaintiffs, as well as some or all of the claims of those persons Plaintiffs purport to represent, are barred by the Ahlstrom Defendants' compliance with all applicable state and federal laws and orders.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims, as well as some or all of the claims of those persons Plaintiffs purport to represent, are moot to the extent that remediation has been undertaken.

### NINTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' or putative class members' claims are barred by the economic loss rule.

### TWENTIETH AFFIRMATIVE DEFENSE

The claims and/or damages alleged in the Fourth Amended Complaint are barred, in whole or in part, by the doctrine of avoidable consequences and by the failure of some or all of Plaintiffs, and some or all of those persons Plaintiffs purport to represent, to mitigate their damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute, including without limitation Wis. Stat. 895.043(6), or violate the due process protections afforded by the United States Constitution and the Constitution of the State of Wisconsin, including without limitation the Fifth, Eighth and Fourteenth Amendments to and the Excessive Fines Clause and Full Faith and Credit Clause of the United States Constitution, Article I of the Wisconsin State Constitution, and other applicable provisions of the Constitution of the State of Wisconsin or any other state whose laws may apply.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, as well as some or all of the claims of those persons Plaintiffs purport to represent are barred, in whole or in part, to the extent that Plaintiffs or those persons Plaintiffs purport to represent have already released, settled, entered into an accord and satisfaction with respect to, or otherwise compromised or waived their claims against the Ahlstrom Defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, and costs claimed, if any, should be limited, to the extent that any fault, negligence, assumption of risk, or other culpable conduct by Plaintiff(s) caused, proximately caused, or contributed to the alleged injuries and damages, or under the doctrines of contributory negligence and/or comparative fault, and/or other applicable common-law or statutory doctrine.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, if any, for loss of earnings, loss of future earnings, loss of profits, and/or loss of future profits are barred, in whole or in part, because Plaintiffs cannot prove such damages with reasonable certainty.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

While the Ahlstrom Defendants deny any nuisance exists, to the extent that any nuisance is found to exist, Plaintiffs' costs claimed, if any, should be limited, to the extent that the alleged nuisance in the Complaint was contributed to by persons or entities other than Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for injunctive or other equitable relief are barred, in whole or in part, because Plaintiff has an adequate remedy at law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims and/or requested forms of relief may be barred by the doctrines of res judicata and collateral estoppel.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Punitive or exemplary damages are not available because the Ahlstrom Defendants did not engage in any conduct which would warrant or form a valid basis for an award of putative damages and acted neither maliciously toward Plaintiffs nor in an intentional disregard of Plaintiffs' rights.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

The Ahlstrom Defendants cannot be held jointly and severally liable to the extent that their acts or omissions, if any, and the harm allegedly caused thereby, or both, were separate and distinct from the acts, omissions, or harm caused by others, including Plaintiffs, and to the extent that the alleged harm is divisible from any harm allegedly caused by acts or omissions of Plaintiffs and/or others.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for compensatory and punitive damages are barred, in whole or in part, by the procedural, substantive, and other protections, caps, and limitations provided by applicable state statutes and other state and federal laws.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims, as well as some or all of the claims of those persons Plaintiffs purport to represent, are not amendable to judicial resolution because of the primary jurisdiction doctrine. The Wisconsin Department of Natural Resources (WDNR) has issued guidance for landspreading PFAS-containing sludge. *See* Interim Strategy for Land Application of Biosolids and Industrial Sludges Containing PFAS (March 1, 2024). The Wisconsin Supreme Court has also held that WDNR has the authority to regulate PFAS under the state spills act. *See Wisconsin Manufacturers and Commerce, Inc. v. Wisconsin Natural Resources Board*, No. 2022-AP-718 (Wis. June 24, 2025).

### THIRTY-SECOND AFFIMATIVE DEFENSE

To the extent that Plaintiffs have received or may receive some or all of the requested relief from a governmental agency, the Ahlstrom Defendants assert their entitlement to an appropriate set-off or reduction of any judgment against them.

### RESERVATION OF DEFENSES

The Ahlstrom Defendants adopt all applicable defenses set forth in the answers of all other defendants in this case, except to the extent that they would impose liability on the Ahlstrom Defendants and, further, reserve the right to supplement these defenses with any additional defenses that subsequently become available during discovery or at trial.

### DEMAND FOR BIFURCATED TRIAL

If Plaintiffs are permitted to proceed to trial upon any claims for punitive or exemplary liability or damages, such claims, if any, must be bifurcated from the remaining issues.

### DEMAND FOR JURY TRIAL

The Ahlstrom Defendants hereby demand a trial by jury on all issues so triable.

Dated:  July 18, 2025                              */s/ Elissa Preheim* _____

Michael D. Daneker (admitted *pro hac vice*)
Elissa Preheim (admitted *pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER**
601 Massachusetts Avenue, NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
Michael.Daneker@arnoldporter.com
Elissa.Preheim@arnoldporter.com

Joseph L. Olson
**MICHAEL BEST & FRIEDRICH LLP**
790 North Water Street, Suite 2500
Milwaukee, WI 53202
Telephone: (414) 271-6560
Facsimile: (414) 277-0656
jlolson@michaelbest.com

*Attorneys for Defendants Ahlstrom Rhinelander
LLC, Ahlstrom NA Specialty Solutions LLC, and
Ahlstrom NA Specialty Solutions Holdings Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 18, 2025 by electronically filing the foregoing document with the Clerk of Court through the CM/ECF system, a true and correct copy of the foregoing was served to all known counsel of record by notice of electronic filing.

<u>*/s/ Elissa Preheim*                    </u>