**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

|  |  |
|---|---|
| LUCAS ROUGEAU, *et al.*, | |
| Plaintiffs, | Case No.: 3:23-CV-546 |
| v. | |
| 3M COMPANY, *et al.*, | |
| Defendants. | |

**JOINT MOTION TO EXTEND CLASS CERTIFICATION BRIEFING SCHEDULE**

Plaintiffs, Lucas Rougeau, et al. (collectively, "Plaintiffs"), and Defendants 3M

Company; Ahlstrom Rhinelander LLC, Ahlstrom NA Specialty Solutions Holdings Inc., and

Ahlstrom NA Specialty Solutions LLC (collectively, the "Ahlstrom Defendants"); Wausau Paper

Corp. and Wausau Paper Mills, LLC (collectively, the "Wausau Paper Defendants"); and BASF

Corp. (collectively, the "Defendants") (taken together as the "Parties"), have met and conferred,

reached agreement, and respectfully move the Court to extend the class certification briefing

schedule (ECF 134) as follows:

1.      Given the complexity of this litigation involving putative class action allegations

with nearly fifty plaintiffs and four sets of defendants, the Parties respectfully submit that in

accordance with Federal Rule of Civil Procedure16(b)(4), there is "good cause" for the Parties'

request to adjust the deadlines to complete class certification briefing.  "In making a Rule 16(b)

good-cause determination, the primary consideration for district courts is the diligence of the

party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *see also*

*Wheatley v. Factory Card & Party Outlet*, 826 F.3d 412, 417 (7th Cir. 2016) (finding good cause

1

existed where discovery deadlines were modified by agreement of the parties, and the employer requested leave to file a summary judgment motion one month after completing a deposition that revealed new information).

2.      To date, the Parties have worked diligently in advancing this case, seeking little involvement of the Court.  The Fourth Amended complaint was filed by 48 plaintiffs on April 15, 2025, adding defendants BASF and asserting three putative subclasses. The Parties have now timely completed fact discovery in support of class certification issues, including substantial written discovery, document production, and numerous depositions.

3.      The Parties are progressing diligently through substantial class certification expert discovery, which is extensive given the complexity of the issues presented in this case, the number of parties, and the number of experts.

4.      Collectively, the Parties have served expert reports authored by 17 different experts in multiple disciplines (including chemistry, hydrogeology, toxicology, fate and transport, engineering, and property valuation).

5.      Under the current case schedule, Plaintiffs' motion for class certification is due on July 24, 2026, Defendants' oppositions are due only 30 days later, on August 24, 2026, and Plaintiffs' reply is due 15 days thereafter, on September 8.  In the interest of judicial economy, to adequately address for the Court the requisite issues under Federal Rule of Civil Procedure 23, and to minimize duplicative briefing, the Parties respectfully propose that Defendants submit a joint opposition to Plaintiffs' motion for class certification that addresses issues applicable to all Defendants, with each of the four sets of Defendants able to submit a short, supplemental brief addressing Defendant-specific issues.  For example, some of Plaintiffs' claims are asserted

against only certain, and not all, Defendants,[1] and some Defendants operated the Mill, but at different times and using different products, while other Defendants sold different products to the Mill but did not operate the Mill.  Given the volume and scope of expert discovery in this case, that the Plaintiffs seek to certify claims on behalf of three different subclasses, and to afford time needed for Defendants to coordinate on a joint opposition brief, the parties require additional time to complete class certification briefing.  Specifically, the parties seek an extension of the briefing schedule as follows:

- Plaintiffs seek to extend their time to move for class certification by 30 days. Plaintiffs agree to file a brief in support of their Motion for Class Certification of no more than 50 pages.

- Defendants seek 60 days to file a joint opposition brief of 40 pages, as well as Defendant-specific opposition briefs of no more than 10 pages each.[2]

- Plaintiffs seek 30 days to reply to the Defendants' oppositions with a combined 40 pages to allocate in response to the joint and any Defendant-specific briefs.

- The Parties further propose that all Federal Rule 702 Motions be filed on October 23, 2026.

6.     The following chart includes the current schedule, as well as the modified schedule jointly proposed by the Parties:

---

[1] For example, the First (Strict Liability – Design Defect and/or Defective Product) and Second (Strict Liability – Failure to Warn/Inadequate Instructions or Warnings) causes of action are alleged only as to 3M and BASF, and the Sixth (Strict Liability – Abnormally Dangerous) and Seventh (Unjust Enrichment) causes of action are alleged only as to the Ahlstrom Defendants and Wausau Paper Defendants.

[2] There would be a total of no more than four supplemental briefs, one each on behalf of 3M, BASF, the Ahlstrom Defendants and the Wausau Paper Defendants.

| Deadline | Current Schedule | Proposed Date |
|---|---|---|
| Plaintiffs' Motion for Class Certification | July 24, 2026 | August 25, 2026 |
| Plaintiffs' Federal Rule 702 Motions[3] | July 24, 2026 | October 23, 2026 |
| Defendants' Oppositions to Class Certification | August 24, 2026 | October 23, 2026 |
| Defendants' Federal Rule 702 Motions. | August 24, 2026 | October 23, 2026 |
| Plaintiffs' Reply in Further Support of Class Certification | September 8, 2026 | November 23, 2026 |
| Parties Confer on Mediation Schedule | September 11, 2026 | NO CHANGE |
| Hearing on Motion for Class Certification and Federal Rule 702 Motions | At the Court's convenience | NO CHANGE |
| Dispositive Motions Due | January 15, 2027 | NO CHANGE |
| Final Pretrial Conference | June 8, 2027 at 2:30 PM | NO CHANGE |
| Second Pretrial Conference | June 15, 2027 at 2:30 PM | NO CHANGE |
| Jury Selection and Trial | June 21, 2027 at 9:00 AM or at the Court's convenience | NO CHANGE |

7.     The Parties are not proposing a change to other deadlines, such as the date by which the Parties are to confer about a mediation schedule, the deadline for dispositive motions, pretrial conferences, and trial. Further, under the proposed modified schedule, the Court would retain discretion to schedule oral argument on class certification and Rule 702 motions at its convenience.

---

[3] Consistent with the Court's June 12, 2024 Preliminary Pretrial Conference Order, the Parties understand that the Court will set briefing schedules for the Rule 702 motions once they are filed.  ECF 80 at 2.

8.   The Parties do not seek to delay the litigation and agree that they will not sustain prejudice as a result of the requested modest extension.

9.   For the Court's convenience, an agreed-upon proposed order is submitted herewith.

WHEREFORE, the Parties respectfully request that the Court grant their motion to extend class certification briefing deadlines previously entered by the Court.

| | |
|---|---|
| */s/ Andrew Cvitanovic* | */s/ Christopher Essig* |
| **BARON & BUDD, P.C.**<br>Brett Land (admitted *pro hac vice*)<br>Scott Summy (admitted *pro hac vice*)<br>3102 Oak Lawn Avenue, Suite 1100<br>Dallas, TX 75219-4281<br>Telephone: (214) 521-3605<br>Fax: (214) 520-1181 | **WINSTON TAYLOR LLP**<br>Christopher Essig (admitted *pro hac vice*)<br>Karalena Senese (admitted *pro hac vice*)<br>300 North LaSalle Drive<br>Chicago, IL 60654<br>Telephone: (312) 558-5600<br>Fax: (312) 558-5700 |
| **COSSICH, SUMICH, PARSIOLA & TAYLOR, LLC**<br>Andrew Cvitanovic (admitted *pro hac vice*)<br>Louise Caro (admitted *pro hac vice*)<br>8397 Highway 23, Suite 100<br>Belle Chasse, LA 70037<br>Telephone: (504) 394-9000<br>Fax: (504) 394-9110 | **VON BRIESEN & ROPER, S.C.**<br>Derek J. Waterstreet, WI SBN 1090730<br>411 East Wisconsin Avenue, Suite 1000<br>Milwaukee, WI 53202<br>Telephone: (414) 287-1519<br>Fax: (414) 276-6281<br><br>***Attorneys for Defendant 3M Company*** |
| **CROOKS LAW FIRM, S.C.**<br>Kristen E. Lonergan, WI SBN 1077538<br>531 Washington Street<br>Wausau, Wisconsin 54403<br>Telephone: (715) 842-2291<br>Fax: (715) 845-7367<br><br>***Attorneys for Plaintiffs*** | */s/ Paul LaFata*<br><br>**DECHERT LLP**<br>Paul LaFata (admitted *pro hac vice*)<br>Three Bryant Park<br>New York, NY 10036<br>Telephone: (212) 698-3539<br><br>**FREDRIKSON & BYRON, P.A.**<br>Delanie M. Breuer, WI SBN 1085023<br>44 East Mifflin Street, Suite 1000<br>Madison, WI 53703<br>Telephone: (608) 435-4260<br><br>***Attorneys for Wausau Paper Corp. and Wausau Paper Mills, LLC*** |

*/s/ Elissa J. Preheim*

**ARNOLD & PORTER KAYE SCHOLER LLP**
Michael D. Daneker (admitted *pro hac vice*)
Elissa J. Preheim (admitted *pro hac vice*)
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 942-5000
Fax: (202) 942-5999

**MICHAEL BEST & FRIEDRICH LLP**
Joseph L. Olson
790 North Water Street, Suite 2500
Milwaukee, WI 53202
Telephone: (414) 271-6560
Fax: (414) 277-0656

***Attorneys for Ahlstrom Rhinelander LLC, Ahlstrom NA Specialty Solutions LLC, and Ahlstrom NA Specialty Solutions Holdings Inc.***

*/s/ Matthew Holian*

**DLA PIPER LLP US**
Matthew Holian (admitted *pro hac vice*)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Telephone: (617) 406-6000
Fax: (617) 406-6100

**EIMER STAHL LLP**
Amy C. Miller, WI SBN 1101533
Ryan J. Walsh, WI SBN 1091821
2 East Mifflin Street, Suite 703
Madison, WI 53703
Telephone: (608) 620-8347
Fax: (312) 692-1718

***Counsel for BASF Corporation***